■ In the Matter of PAUL H. HIGBY, Respondent, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of Erie County, Respondents, and DAVID M. BUYER, Appellant.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: Petitioner seeks to have his designating petition validated for the position of councilman in the Town of Orchard Park, which is wholly within one assembly district. The election district number was inserted in the statement of each subscribing witness but the number of the assembly district was omitted. For the reasons stated in *Matter of Vari v Hayduk* (59 AD2d 571) we would affirm; but under constraint of the reversal of that decision (42 NY2d 980) and similar holdings by the Court of Appeals in *Matter of Morris v Hayduk* (45 NY2d 793) and *Matter of Rutter v Coveney* (38 NY2d 993) we reverse. (Appeal from order of Erie Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Doerr and Witmer, JJ. (Decided Aug. 22, 1979.)

■ In the Matter of BARBARA J. STRUBLE et al., Respondents, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of Monroe County, Respondents, and JOHN STANWIX, Appellant.—Order unanimously affirmed, without costs. Motion for leave to appeal to the Court of Appeals granted. Memorandum: In a proceeding to validate a petition to permit writing in the name of an undesignated candidate in the primary election of the Conservative Party for the office of Member of the County Legislature of Monroe County, the appeal is from an order which reinstated the petition after it was rejected by the County Board of Elections. The petition contains 32 signatures, 7 of which fully reflect the date on which each signature was executed and 25 of which were dated by month and day but failed to include adjacent to each signature the year of execution. It was because of that omission that the Board of Elections rejected the petition. While strict compliance with the requirements of the relevant provisions of the Election Law is required *(Matter of Rutter v Coveney,* 38 NY2d 993; *Matter of Sciarra v Donnelly,* 34 NY2d 970), we find that the petition here satisfies that standard. It sets forth at the top of each page the full date of the primary election and it also includes at the bottom of each page the full date that the subscribing witness or the notary public signed and authenticated the signatures. Thus, recourse to the petition as a whole adequately supplies the apparent deficiency (see *Matter of Denn v Mahoney,* 64 AD2d 1007, 1008). The remaining issue raised by appellant Stanwix is not properly before us since it was not presented to Special Term. (Appeal from order of Monroe Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Doerr and Witmer, JJ. (Decided Aug. 22, 1979.)

■ In the Matter of SARA L. VICKERS, Appellant, v ARTHUR J. CARLSEN et al., Constituting the Board of Elections of the County of Erie, and JAMES W. PITTS, Respondents.—Order unanimously affirmed, without costs, for the reasons stated at Special Term, Bayger, J. (See *Matter of Rutter v Coveney,* 38 NY2d 993; *Matter of Berry v Dodd,* 38 NY2d 995; *Matter of Berger v Acito,* 64 AD2d 949; *Matter of Fiorella v Mahoney,* 64 AD2d 1008.) Doerr, J., not participating. (Appeal from order of Erie Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Witmer, JJ. (Decided Aug. 23, 1979.)