■ In the Matter of STEVEN J. FROME et al., Respondents, v BOARD OF ELECTIONS OF NASSAU COUNTY, Respondent, and ALLAN L. WINICK et al., Appellants. (And Two Other Actions.) — Appeal from a judgment of the Supreme Court, Nassau County (Oppido, J.), dated August 27, 1982, which, *inter alia,* granted applications to invalidate the designating petitions of the appellants. Judgment reversed, on the law, without costs or disbursements, proceedings to invalidate the designating petitions are dismissed, the application to validate said petitions is granted and the board of elections is directed to place the names of the appellants on the appropriate ballot. The sole issue presented is whether the statements of the subscribing witnesses appended to the bottom of the designating petitions of the appellants, candidates for county-wide offices in Nassau County, comply with the requirements of subdivision 2 of section 6-132 of the Election Law. Subdivision 2 provides in relevant part:

> "2. There shall be appended at the bottom of each sheet a signed statement of a witness who is a duly qualified voter of the state and an enrolled voter of the same political party as the voters qualified to sign the petition, and who is also a resident of the political subdivision in which the office or position is to be voted for * * * The form of such statement shall be substantially as follows:

> "I, .......... (name of witness) state: I am a duly qualified voter of the State of New York and am an enrolled voter of the .......... party. I now reside at .......... (residence address, also post office address if not identical) which is in the .......... (fill in number) election district of the .......... Ward/Assembly district (fill in Ward, if any, otherwise fill in Assembly District where required) in the Town or City of .......... (fill in name of city or town) in the County of .......... (fill in name of county).

> "Each of the individuals whose names are subscribed to this petition sheet containing .......... (fill in number) signatures, subscribed the same in my presence on the dates above indicated and identified himself to be the individual who signed this sheet.

> * * *

> "Date ..............                    ..............................
>                                                        Signature"

The objectors base their challenge upon the fact that the designating petitions did not contain separate designations of the subscribing witnesses "Town or City", as per the statutory form set forth above. Upon examination of the designating petitions, we find that the information contained therein clearly establishes that the subscribing witnesses are residents of the "political

subdivision in which the office or position is to be voted for" (i.e., Nassau County). The Legislature has made clear, by the language of the statute, that subscribing witnesses' statements need only substantially comply with the statute as to form. Strict compliance, however, is required as to the statutorily mandated qualifications of the subscribing witnesses and the contents of the designating petition (see *Matter of Hutson v Bass,* 54 NY2d 772; *Matter of Ryan v Board of Elections of City of N. Y.,* 53 NY2d 515). Here the subscribing witnesses set forth their residential addresses with sufficient clarity to establish that they are qualified, under the statute, to serve as witnesses. Accordingly, the substantive requirements of the statute, which "are designed to facilitate the discovery of irregularities or fraud in designation petitions" have been satisfied (*Matter of Rutter v Coveney,* 38 NY2d 993, 994). The omission from the subscribing witnesses' statements of separate designations of their town or city, where there have been clear designations of their residential addresses, was, in this case involving county-wide positions, a matter of form rather than substance (cf. *Matter of Higby v Mahoney,* 48 NY2d 15). Under the facts and circumstances presented here, and particularly in light of the substantial compliance with the statutory requirements, we cannot countenance a result which would constitute a disenfranchisement of a large segment of the voters of Nassau County. Mollen, P. J., Damiani, Titone, Mangano and Thompson, JJ., concur.