■ In the Matter of BERNICE BROWN et al., Appellants, v JOHN L. PHILLIPS, Respondent.—In a proceeding to invalidate a petition designating John L. Phillips as a candidate in a primary election to be held on September 15, 1992, for the

nomination of the Democratic Party as its candidate for public office of Judge of the Civil Court of the City of New York in the Second Municipal District, Kings County, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 21, 1992, which denied the application.

Ordered that the judgment is affirmed, without costs or disbursements.

We find that the appellants have not demonstrated conduct on the part of the candidate sufficient to rise to the level of fraud required to invalidate the petition despite the fact that there was a sufficient number of valid signatures (see, Matter of Ruiz v McKenna, 40 NY2d 815, 816; cf., Matter of Bynoe v Board of Elections, 164 AD2d 929).

The appellants contend that the candidate's designating petition should be invalidated since the candidate instructed a subscribing witness to procure signatures but not to insert the dates on which the signatories signed. The appellants argue that the dates were improperly inserted after the subscribing witness had signed her witness's statements. The subscribing witness initialed the sheets after the dates were inserted. Thus, Election Law § 6-134 (12) was complied with.

We have reviewed the remaining instances cited by the appellants as evidence that the petition should be invalidated on the ground of fraud and find that they are without merit (see, Matter of Ruiz v McKenna, supra). Accordingly, the petition was not permeated with fraud (cf., Matter of Flower v D'Apice, 104 AD2d 578, affd 63 NY2d 715). Harwood, J. P., Balletta, Eiber, O'Brien and Santucci, JJ., concur.