■ In the Matter of FRANK MACKAY et al., Respondents-Appellants, v JEAN W. COCHRAN et al., Appellants-Respondents, and BARBARA BARCI et al., Respondents. [695 NYS2d 113] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to invalidate certain designating petitions, the appeal, as limited by the brief of the appellants-respondents, is from so much of a final order of the Supreme Court, Suffolk County (D'Emilio, J.), dated September 3, 1999, as invalidated a petition designating Arnold B. Firestone and Valerie Hudgins as candidates at a primary election to be held on September 14, 1999, for the Independence Party positions of delegates to the Tenth Judicial District Convention, Eighth Assembly District, and Amy J. Krinner and Robert DiGregorio as alternate delegates to that convention, and the cross appeal, as limited by the brief of the respondents-appellants, is from so much of the final order as denied that branch of the petition which was to invalidate a petition designating Theresa Morris and Richard Morris as candidates at said primary election for the Independence Party positions of delegates, and Richard Harms and Susan Harms as alternates, to the Tenth Judicial District Convention, Tenth Assembly District, and denied that branch of the petition which was to invalidate a petition designating Arnold Firestone as a candidate at said primary election for the nomination of the Independence Party as its candidate for the public office of County Legislator for the Tenth Legislative District.

Ordered that the final order is modified by (1) deleting the provision thereof which denied that branch of the petition which was to invalidate the petition designating Theresa Morris and Richard Morris as candidates for the party positions of delegates, and Richard Harms and Susan Harms as alternates, to the Tenth Judicial District Convention, Tenth Assembly District, and substituting therefor a provision granting that branch of the petition, and (2) deleting therefrom the provision granting that branch of the petition which was to invalidate the petition designating Arnold B. Firestone and Valerie Hudgins as candidates for the party positions of delegates, and Amy J. Krinner and Robert DiGregorio as alternates, to the Tenth Judicial District Convention, Eighth Assembly District, and substituting therefor a provision denying that branch of the petition; as so modified, the final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Election Law § 6-132 (2) requires that each sheet of a designating petition must contain a statement of a subscribing witness which shall be dated and signed by that witness. The

date is a matter of prescribed content and therefore strict compliance is required (*see, Matter of Hutson v Bass,* 54 NY2d 772; *Matter of Frome v Board of Elections,* 89 AD2d 950, 951). Here, the date is incomplete on sheets two and three of the Morris-Harms designating petition (*see, Matter of Purtell v Kuczek,* 112 AD2d 1092, 1093). Excluding the signatures on those two sheets, the number of remaining signatures on that petition is insufficient.

Pursuant to Election Law § 6-132 (3) the identification of the notary by title alone is sufficient (*see, Matter of Bay v Santoianni,* 264 AD2d 488; *Matter of Brown v Suffolk County Bd. of Elections,* 264 AD2d 489; *Matter of Fuentes v Lopez,* 264 AD2d 490). Accordingly, the Supreme Court erred in invalidating the Firestone-Hudgins-Krinner-DiGregorio designating petition on the ground that the notaries failed to stamp the petition sheets.

The remaining contention is without merit. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.