OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
• In this proceeding to validate petitions designating Donald J. DeBerardinis as the Green Party candidate for Mayor in the primary election to be held on September 12, 2000, the *893 petitioner challenges the determination of the Westchester County Board of Elections made on July 21, 2000, which sustained objections to both of the signatures (of registered voters in the Green Party) contained on the petitions and declared the petitions invalid. The petitioner contends that he was not given timely notice of the specific objections filed against the petitions, was not given a timely opportunity to cure the alleged deficiencies, and was, in fact, denied the opportunity to cure the deficiencies when he requested same. The respondents contend that the notice provided to petitioner was proper and that the failure to provide the dates on which the two signatories signed the petitions was a fatal and noncurable defect.
The court agrees with the respondents’ contentions to the extent that it finds that the failure to provide the dates of the signatures prior to filing the petitions was a fatal, noncurable defect.
Strict compliance with the requirements of the Election Law is mandated as to matters of prescribed content of nominating petitions (see, Election Law § 6-132; Matter of Keane v New York State Bd. of Elections, 122 AD2d 966, lv denied sub nom. Matter of Keane v Kemp, 68 NY2d 605), and the requirement that each signature be dated is a requirement of content and not merely one of form (see, e.g., Matter of Bloom v Power, 21 Misc 2d 885, affd and lv granted 9 AD2d 626, affd 6 NY2d 1001). However, there is no requirement that the dates appearing beside the names of signers be filled in by the signers or even in their presence (see, Matter of Zimmerman v Holwell, 28 AD2d 1000, affd 20 NY2d 833; also see, Matter of Bloom v Power, supra; Election Law § 6-134 [7]). In fact, the dates may be filled in even after the subscribing witness has signed the witness statement so long as the subscribing witness initials the entries (see, Matter of Brown v Phillips, 185 AD2d 953, lv denied 80 NY2d 754).
In the instant case, it is undisputed that the petitions filed with the Board of Elections contain two signatures, but neither signature was dated. Petitioner went to the Board of Elections on July 24, 2000 and asked to speak to Commissioner Carolee Sunderland for the purpose of curing the defects in the petitions. He wanted to add the missing dates. Commissioner Sunderland advised the petitioner that there is no provision of law which would permit the petitioner to add dates to the already witnessed and filed petitions. The correctness of this advice is at the heart of this proceeding. If the law permits a candidate *894 to cure this particular defect, then clearly the respondents’ failure to timely notify petitioner of the objections raised, and the subsequent refusal to permit him to “correct” the violation, would require vacatur of respondents’ determination and validation of the petition. On the other hand, if the law prohibits the candidate from adding the dates next to the signatures after the petition has been witnessed and filed, then the late notice and subsequent refusal to permit such alteration does not violate any right or privilege possessed by the petitioner.
Pursuant to Election Law § 6-134 (2), “[w]hen a determination is made that a designating petition does not comply with [9 NYCRR part 6215], the candidate shall have three business days from the date of such determination to cure the violation.” Not every omission or defect may be cured. Only those defects which violate the Board of Elections regulations as to the prescribed form of the petition, or those defects of content which are prescribed by both regulation and law, may be cured (see, e.g., Matter of Farrell v Sunderland, 173 Misc 2d 787; Matter of May v Daly, 254 AD2d 688).
As previously noted, the requirement that each signature bear the date it was made is an essential requirement of content (see, Election Law § 6-132) and strict compliance is necessary. This requirement is not provided or incorporated into the regulations, and therefore the three-day cure provision is not applicable to this defect. Since the defect could not be cured subsequent to filing the petitions with the Board of Elections, petitioner was not deprived of any fundamental right of due process by reason of the late notice or by respondents’ refusal to permit the postfiling amendment of the petitions.
In accordance with the foregoing, the petition is denied and the proceeding is dismissed.