■ In the Matter of SANDRA VASSOS, Appellant, v NEW YORK CITY BOARD OF ELECTIONS et al., Respondents. (Proceeding No. 1.) In the Matter of DOMINIC FUCILE, SR., et al., Respondents, v SANDRA VASSOS, Appellant, and BOARD OF ELECTIONS OF CITY OF NEW YORK, Respondent. (Proceeding No. 2.) [730 NYS2d 251] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to validate a petition designating Sandra Vassos as a candidate in a primary election to be held on September 11, 2001, for the nomination of the Democratic Party as its candidate for the public office of Member of the City Council, City of New York, for the 22nd Council District, and a separate proceeding pursuant to Election Law § 16-102, *inter alia*, to invalidate the designating petition, Sandra Vassos appeals from a final order of the Supreme Court, Queens County

(Blackburne, J.), dated August 11, 2001, which, after a hearing, denied the petition to validate the designating petition and granted the petition to invalidate the designating petition.

Ordered that the final order is affirmed, without costs or disbursements.

Election Law § 6-132 requires that each signature on a designating petition bear the date that it was made. Because the date is a matter of prescribed content, strict compliance is required (*see, Matter of DeBerardinis v Sunderland,* 277 AD2d 187; *Matter of MacKay v Cochran,* 264 AD2d 699). Here, even if the appellant established the validity of the signatures invalidated due to wrong addresses, the designating petition is invalid. The total number of valid signatures is below the 900 required by statute (*see,* Election Law § 6-136 [2] [c-1]) in that, *inter alia,* the petition failed to comply with Election Law § 6-132. Bracken, P. J., Luciano, Feuerstein, Schmidt and Adams, JJ., concur.