■ In the Matter of CINDY HILL, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [802 NYS2d 779]—

Per Curiam. Appeal from an order of the Supreme Court (Doyle, J.), entered October 17, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to

---

**3.** Supreme Court did not expressly rule on the uninitialed alteration appearing on sheet 5.

Election Law § 16-102, to declare invalid the certificate of substitution naming respondent Michael C. Lynch as the Independence Party candidate for the office of Supreme Court Justice for the Third Judicial District in the November 8, 2005 general election.

Following the Independence Party judicial convention in September 2005, respondent Chris F. Hummel was named as one of that party's candidates for the office of Supreme Court Justice for the Third Judicial District in the November 8, 2005 general election. After learning that he had not also secured the Republican Party nomination for that office, on September 29, 2005, Hummel filed a declination of the Independence Party nomination with respondent State Board of Elections. On that same day, respondents Dietrich Werner, Thomas Connolly and Paul Caputo, representing a majority of the members of the Independence Party committee to fill vacancies, filed with the Board a certificate of substitution naming respondent Michael C. Lynch, who had previously secured a Democratic Party nomination, as an Independence Party candidate.

Thereafter, petitioner, a member of the Independence Party, commenced the instant proceeding, alleging that Connolly, Hummel and Lynch, along with Caputo and Werner, among others, conspired to fraudulently manipulate Hummel's declination and Lynch's subsequent nomination. She also claimed that the certificate of substitution was fatally flawed in that it did not include the date on which the committee acted to fill the vacancy. Following a hearing, Supreme Court dismissed the petition and petitioner now appeals.

Petitioner's sole contention on appeal is that the certificate of substitution is invalid because the top section does not contain a specific date but, rather, is dated "September 2005."* The one-page certificate is divided into three sections. The top section states that a vacancy exists due to Hummel's declination, names Lynch as the substitute and is signed by Werner, Caputo and Connolly. The other two sections contain the affidavit of Werner, Caputo and Connolly, attesting that the information contained in the certificate is true, and Lynch's written consent to the nomination, as required by Election Law § 6-148.

While petitioner correctly states that the Election Law requires "strict compliance with statutory commands as to matters of prescribed content" (*Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]; *see Matter of Flach v DeBenedictus*, 265 AD2d

---

* Inasmuch as petitioner does not address her allegations of fraud on this appeal, we deem any issue concerning those allegations to be abandoned (*see Matter of Powell v Weyant*, 307 AD2d 472, 472 n [2003]).

670, 671 [1999], *lv denied* 94 NY2d 752 [1999]), unlike Election Law § 6-132, which governs the form and content of designating petitions (*see Matter of Vassos v New York City Bd. of Elections*, 286 AD2d 463, 464 [2001]; *Matter of MacKay v Cochran*, 264 AD2d 699, 699-700 [1999]), Election Law § 6-148 does not specifically require a date to appear on such certificates. Thus, inasmuch as the certificate fully complies with the statutory requirements (*see* Election Law § 6-148), and considering that the full date on which the committee acted appears both in the affidavit section of the certificate, as well as in Lynch's written consent, the absence of the full date in the top section of that same one-page document does not render the certificate invalid.

Mercure, J.P., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.