*656 In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Joseph E Addabbo, Jr., as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Working Families Farty as its candidate for the public office of State Senator for the 15th Senatorial District, the petitioners appeal from a final order of the Supreme Court, Queens County (O’Donoghue, J.), which, after a hearing, denied the petition and, in effect, dismissed the proceeding.
Ordered that the final order is reversed, on the law, without costs or disbursements, the proceeding is reinstated, the petition to invalidate the designating petition is granted, and the Board of Elections in the City of New York is directed to remove the name of Joseph E Addabbo, Jr., from the appropriate ballot.
The petitioners commenced this proceeding, inter alia, to invalidate a designating petition. Before the hearing, the parties stipulated that the designating petition contained 30 signatures, and that 24 signatures were required (see Election Law § 6-136 [2]). Joseph E Addabbo, Jr., conceded that 3 of the 30 signatures were invalid. The Supreme Court determined that only an additional three signatures were invalid, and therefore denied the petition upon finding, in effect, that there were 24 valid signatures. We reverse.
Election Law § 6-130 provides that “[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed.” Election Law § 6-132 also requires that each signature on a designating petition bear the date it was made (see Matter of Vassos v New York City Bd. of Elections, 286 AD2d 463 [2001]). These requirements must be strictly complied with, as it is a matter of prescribed content (see Matter of Stoppenbach v Sweeney, 98 NY2d 431 [2002]; Matter of Hutson v Bass, 54 NY2d 772 [1981]; Matter of DeBerardinis v Sunderland, 277 AD2d 187 [2000]).
Here, the Supreme Court erred in failing to invalidate the signature contained on sheet No. 7, line 5, of the designating petition since there was no date written next to the signature (see Matter of Vassos v New York City Bd. of Elections, 286 AD2d at 463; Matter of DeBerardinis v Sunderland, 277 AD2d at 187; Matter of Parra v Shiffman, 64 AD2d 934 [1978]; Matter of Nunley v Cohen, 258 App Div 746 [1939]). Furthermore, as the subscribing witness wrote down the incorrect date on which two signatures were affixed to sheet No. 6, lines two and three, of the designating petition, those signatures should have been in *657 validated (see Matter of Kent v Bass, 83 AD2d 898 [1981]; Matter of Nunley v Cohen, 258 App Div at 746; see generally Matter of Stoppenbach v Sweeney, 98 NY2d at 433; Matter ofMacKay v Cochran, 264 AD2d 699, 699-700 [1999]). Excluding these three signatures, the number of remaining signatures on the designating petition is insufficient to meet the requirements of Election Law § 6-136 (2). Dillon, J.E, Miller, Leventhal and Chambers, JJ., concur.