Per Curiam.
Appeal from a judgment of the Supreme Court (Connolly, J.), entered May 22, 2012 in Albany County, which, among other things, granted petitioner’s application, in two *1645 proceedings pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic Party candidate for the office of Member of the United States House of Representatives for the 16th Congressional District in the June 26, 2012 primary election.
On April 16, 2012, petitioner filed a designating petition purporting to nominate him as the Democratic Party candidate for the office of Member of the United States House of Representatives for the 16th Congressional District in the primary election to be held on June 26, 2012. Respondent Arnold Linhardt (hereinafter respondent) filed objections and specifications of objections to that petition. On April 30, 2012, prior to a ruling by respondent State Board of Elections and the last day to properly do so pursuant to Election Law § 16-102 (2), petitioner commenced, by order to show cause, this proceeding seeking to validate the designating petition.[1] On May 3, 2012, the Board issued a decision disqualifying petitioner’s designating petition on the basis that it contained only 804 valid signatures and, thus, fell short of the 938 valid signatures from enrolled Democratic Party voters necessary for petitioner to secure a place on the ballot. On May 1, 2012, respondent served a verified answer to the proceeding containing affirmative defenses and a counterclaim requesting that the court disqualify any signatures that the Board allegedly “erroneously validated.”[2] Following various proceedings before Supreme Court, including a hearing held on May 10 and 21, 2012, the court concluded that petitioner had 984 valid signatures — 46 more than the required 938. Accordingly, the court, among other things, granted petitioner’s request to validate the designating petition and directed the Board to duly place petitioner’s name on the ballot for the primary election. The court also denied respondent’s motion to dismiss the proceeding for improper service, as well as the relief requested in his counterclaim. This appeal by respondent ensued.
Initially, we are unpersuaded by respondent’s contention that the subject petition should have been dismissed because petitioner was improperly allowed to serve him using alternative methods of service. Significantly, “[i]n a proceeding pursuant to Election Law § 16-102, the method of service provided for *1646 in an order to show cause is jurisdictional in nature and must be strictly complied with” (Matter of Nunziato v Messano, 87 AD3d 647, 647 [2011] [internal quotation marks and citations omitted]; see Matter of Rue v Hill, 287 AD2d 781, 782 [2001], lv denied 97 NY2d 602 [2001]). Here, the April 30, 2012 order to show cause specifically provided that petitioner was to serve respondent upon that date by, in the alternative, leaving a true copy with a person of suitable age and discretion at respondent’s residence, affixing a copy thereof to the outer door of respondent’s residence or by faxing or leaving a copy of the order at the office of respondent’s counsel. Notably, nothing in the record before us disputes Supreme Court’s ruling that respondent was timely served by the latter two methods of service set forth in the order to show cause. Nor has respondent presented any proof establishing that the allowance of alternative means of service rather than personal service was in error or not properly requested (see e.g. Wishni v Taylor, 75 AD3d 747, 748 [2010]). Thus, given that those methods of service were authorized in the alternative in the order to show cause, we disagree with respondent’s contention that service by alternative means was per se improper and requires reversal herein (see Matter of Master v Pohanka, 43 AD3d 478, 480 [2007]; Matter of Marcoccia v Garfinkle, 307 AD2d 1010, 1010-1011 [2003], lv denied 100 NY2d 509 [2003]; compare Matter of Hennessey v DiCarlo, 21 AD3d 505, 505 [2005], lv denied 5 NY3d 706 [2005] [where, unlike here, the methods of service provided in the order to show cause included personal service and were not stated in the alternative]).
Turning to the merits, we note at the outset that, on appeal, respondent is only challenging 60 of the signatures that Supreme Court ultimately held to be valid. Therefore, all arguments concerning the other signatures are deemed abandoned (see Matter of Hill v New York State Bd. of Elections, 22 AD3d 957, 958 n [2005]). With respect to 40 of the challenged signatures, respondent argues that, at the time the Board determined that these signatures were proper, it did so in error because it was allegedly using an out-of-date district map that incorrectly showed that the voters resided in the 16th Congressional District. Contrary to respondent’s argument, we do not agree that, under the particular circumstances here, Supreme Court abused its discretion in refusing to accept into evidence at the May 21, 2012 hearing a belatedly offered and uncertified copy of an allegedly up-to-date “StreetFinder” (see Kolmar Ams., Inc. v Marathon Petroleum Co., LLC, 80 AD3d 463, 464 [2011]; Montes v New York City Tr. Auth., 46 AD3d 121, 123 [2007]; compare Bostic v State of New York, 232 AD2d 837, 838- *1647 839 [1996], lv denied 89 NY2d 807 [1997]).[3] Given that the lack of a proper challenge to these 40 signatures leaves petitioner with sufficient signatures to be placed on the ballot, it is unnecessary to consider respondent’s arguments relating to the remaining 20 challenged signatures.
Mercure, J.E, Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

. We note that, on May 4, 2012, following issuance of the Board’s decision, petitioner also commenced a second validation proceeding by order to show cause. This proceeding, however, was ultimately dismissed by Supreme Court, and petitioner did not file a cross notice of appeal therefrom.

. Although the Board also filed a verified answer and appeared before Supreme Court, it did not submit a brief on this appeal.

. We note that respondent only provided to this Court photocopies of this exhibit.