(September 26, 2016)

■ In the Matter of TONY AVELLA, Appellant, v RAYMOND JOHNSON, Respondent, et al., Respondent. [38 NYS3d 44]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Tony Avella as a candidate in a primary election held on September 13, 2016, for the nomination of the Independence Party as its candidate for the public office of State Senator for the 11th Senatorial District, Tony Avella appeals from a final order of the Supreme Court, Queens County (Butler, J.), dated August 11, 2016, which, after a hearing, in effect, denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

This appeal concerns the validity of a total of 29 signatures on sheets 4, 6, and 12 of a petition designating the petitioner as a candidate in a primary election held on September 13, 2016. Opposite each of those signatures is the month and day, but not the year. The Board of Elections in the City of New York (hereinafter the Board of Elections) found those signatures to be invalid because the year was omitted. In this proceeding, the petitioner seeks, inter alia, to have those 29 signatures validated. The Supreme Court, however, agreed with the Board of Elections. We agree with the Supreme Court that the Board of Elections correctly invalidated those signatures.

Two statutory provisions are directly relevant to the disposition of this appeal. First, Election Law § 6-130 provides that "[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed." Second, Election Law § 6-132 (1) requires that the "day and year" be "placed opposite" the signature of each signer on a designating petition (Election Law § 6-132 [1]).

The petitioner, relying on *Matter of Struble v Chiavaroli* (71

AD2d 1047 [1979], *affd* 48 NY2d 613 [1979]), asks us to hold that the 29 signatures are valid. *Struble* is inapposite. In *Struble*, only the month and day were included next to each signature, but the Appellate Division upheld the validity of the signatures because "[the petition] sets forth at the top of each page the full date of the primary election and it also includes at the bottom of each page the full date that the subscribing witness or the notary public signed and authenticated the signatures. Thus, the recourse to the petition as a whole adequately supplies the apparent deficiency" (*Matter of Struble v Chiavaroli*, 71 AD2d at 1047). The petitioner here asks us to extend *Struble* in several respects.

Although *Struble* expressly held that "strict compliance" was required (*id.*), the petitioner asks us to apply a "[s]ubstantial compliance" standard. This we may not do. The requirement that the date—the "day and year"—accompany those signatures is a matter of prescribed content, not form (*see Matter of DiSanzo v Addabbo*, 76 AD3d 655, 656 [2010]; *Matter of Vassos v New York City Bd. of Elections*, 286 AD2d 463, 464 [2001]; *Matter of DeBerardinis v Sunderland*, 277 AD2d 187, 188 [2000]; *Matter of MacKay v Cochran*, 264 AD2d 699, 699-700 [1999]). "While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content" (*Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]; *see Matter of Stoppenbach v Sweeney*, 98 NY2d 431, 433 [2002]; *Matter of Alamo v Black*, 51 NY2d 716, 717 [1980]; *Matter of Rutter v Coveney*, 38 NY2d 993, 994 [1976]; *Matter of DiSanzo v Addabbo*, 76 AD3d at 656; *Matter of Vassos v New York City Bd. of Elections*, 286 AD2d at 464; *Matter of DeBerardinis v Sunderland*, 277 AD2d at 188).

Next, unlike the subscribing witness in *Struble*, who placed the full date next to his own signature, the subscribing witness here did not include the year next to his own signature on the sheets of the designating petition that contained the 29 challenged signatures. Accordingly, unlike in *Struble*, the subscribing witness's signature cannot cure the deficiency in providing the dates accompanying the challenged signatures. Finally, unlike in *Struble*, where any arguable defect in the signatures was cured on the face of the petition itself, the petitioner here relies, at least in part, on testimony adduced at the hearing before the Supreme Court.

While we agree with our dissenting colleague as to the reasonableness of the result he supports, and the standard he would apply, it is for the legislature to provide a route to that

result by statutory amendment. What the Court of Appeals said 35 years ago is still apt: "It is wholly immaterial that the courts might reasonably conclude that what they perceive as the ultimate legislative objectives might better be achieved by more flexible prescriptions, prescriptions which might be judged by some to be more equitable. Whatever may be our view, the Legislature has erected 'a rigid framework of regulation, detailing as it does throughout specific particulars' " (*Matter of Hutson v Bass*, 54 NY2d at 774, quoting *Matter of Higby v Mahoney*, 48 NY2d 15, 20 n 2 [1979]).

In sum, the failure of each signer and the subscribing witness to include the full date next to his or her signature on sheets 4, 6, and 12 of the subject designating petition rendered the signatures on those sheets invalid (*see* Election Law §§ 6-130, 6-132 [1], [2]; *Matter of DiSanzo v Addabbo*, 76 AD3d 655 [2010]; *Matter of Vassos v New York City Bd. of Elections*, 286 AD2d 463 [2001]; *Matter of DeBerardinis v Sunderland*, 277 AD2d at 188; *Matter of MacKay v Cochran*, 264 AD2d 699 [1999]; *cf. Matter of Struble v Chiavaroli*, 71 AD2d 1047 [1979]). Excluding the signatures on those three sheets, the number of remaining signatures on the designating petition is insufficient to meet the requirements of Election Law § 6-136 (2). Accordingly, the Supreme Court properly, in effect, denied the petition to validate the designating petition and dismissed the proceeding. Balkin, J.P., Hall and Sgroi, JJ., concur.

Austin, J., dissents, and votes to reverse the final order, on the law and the facts, and grant the petition, inter alia, to validate the designating petition, with the following memorandum: New York's Byzantine election law system has done in more than a few unsuspecting candidates whose petitions did not strictly comply with the law. There have been few exceptions to the strict compliance rule. One of them is at the heart of the issue we decide today.

In this case, the majority agrees with the Supreme Court that the absence of the year from both the dates on which the party members signed certain sheets of the designating petition as well as the date on which the subscribing witness signed those sheets renders those sheets invalid. I respectfully disagree and find that the subject sheets substantially comply with Election Law §§ 6-130 and 6-132. Accordingly, I vote to reverse the final order of the Supreme Court and validate the designating petition.

In *Matter of Struble v Chiavaroli* (71 AD2d 1047 [1979]), the Appellate Division, Fourth Department, found that the dates next to the signatures of voters on a nominating petition satis-

fied the strict compliance standard where the month and day of affixing their signature was included but the year was omitted. There, the subscribing witness included the year with the date he signed the petition. The Fourth Department held that "recourse to the petition *as a whole* adequately supplies the apparent deficiency" (*id.* [emphasis added]). The petition was found to satisfy Election Law §§ 6-130 and 6-132 (1) and (2). The Court of Appeals affirmed the Fourth Department's order based upon the reasoning set forth therein (*see Matter of Struble v Chiavaroli*, 48 NY2d 613 [1979]). Unlike cases where no date appears next to the voter's petition signature (*see e.g. Matter of DeBerardinis v Sunderland*, 185 Misc 2d 892 [2000], *affd* 277 AD2d 187 [2000]), here, the dates as they appear on the subject sheets of the designating petition satisfy the substantial compliance approach to errors in dates on designating petitions as set forth in Struble.

As held in *Struble*, petitions should be read as a whole (*see Matter of Denn v Mahoney*, 64 AD2d 1007 [1978]; *Matter of Sortino v Chiavaroli*, 59 AD2d 644 [1977], *affd* 42 NY2d 982 [1977]). Here, the preamble on each of the subject sheets of the designating petition well establishes that the petition was for the primary to be held in the year 2016. In accordance with Election Law § 6-132 (1), the sheets state, in relevant part: "I, the undersigned, do hereby state that I am a duly enrolled voter of the Independence Party and entitled to vote at the next primary election of such party, to be held on September 13, *2016*" (emphasis added). Significantly, both subdivisions (1) and (2) of Election Law § 6-132 do not call for the designating petition to be in strict conformity with its provisions. Rather, these subdivisions call only for substantial compliance.

There can be no doubt that the signatures on the subject sheets of the designating petition were obtained and witnessed in 2016. There is no contention to the contrary by the respondent objector (hereinafter the respondent). Indeed, the undisputed testimony at the hearing before the Supreme Court demonstrates that the sheets themselves were printed on June 10, 2016. The subscribing witness testified that the signatures were all obtained on the dates indicated on the subject sheets in 2016. There are no claims of voter fraud or confusion. The respondent's sole argument is that, in the absence of strict compliance, the sheets in question are invalid.

In agreeing with the respondent and affirming the Supreme Court, the majority relies on a line of cases where the errors in the petitions submitted are far more egregious than those presented here (*see Matter of DiSanzo v Addabbo*, 76 AD3d 655,

656 [2010] [the Supreme Court should have invalidated three signatures where there was no date written next to one of the signatures and the subscribing witness recorded the incorrect date on which the other two signatures were affixed to the petition]; *Matter of Vassos v New York City Bd. of Elections*, 286 AD2d 463, 464 [2001] [signatures invalidated due to incorrect addresses as well as issues with the date]; *Matter of Mac-Kay v Cochran*, 264 AD2d 699, 700 [1999] [without citing to *Struble*, this Court found that the date was "incomplete" on two sheets of the designating petition, resulting in the exclusion of the signatures on those pages]).

Nor is the error in the date incurable, since we have held that otherwise fatal errors can be corrected and invalid signatures resurrected with testimony (*see Matter of Jaffee v Kelly*, 32 AD3d 485, 485 [2006]; *cf. Matter of Henry v Trotto*, 54 AD3d 424, 426 [2008]). Indeed, the printer of the sheets of the designating petition and the subscribing witness both credibly testified that the sheets were printed in 2016 and signed on the indicated day and month in 2016. The cases relied on by the majority to the contrary address irreparable errors that testimony could not remedy (*see Matter of Stevens v Collins*, 120 AD3d 696 [2014] [the jurat authenticating the signatures on the petition was dated in June while the signatures on the petition were signed in July]; *Daverso v Romeo*, 89 AD2d 1054 [1982] [the subscribing witness's curative affidavit to provide the missing date from his petition statement was filed after the legal deadline to do so]; *Matter of Sortino v Chiavaroli*, 59 AD2d 644 [1977] [the failure of the candidate's notaries to date their jurats of authentication on designating petitions was not curable where the information did not appear on the face of the petitions and the notaries did not file affidavits to cure this defect on or before the last day to file the designating petitions]).

Long before New York's Election Law was reformed (*see* Election Reform Act of 1992 [L 1992, ch 79]), *Struble*'s liberalized, holistic approach to viewing the challenged designating petition "as a whole" saved a petition that otherwise would have been invalid due to an incomplete date. The application of *Struble* here is supported by a reasonable reading of the entirety of the subject designating petition. It is bolstered by the unchallenged testimony. Thus, it cannot be said that the petition did not substantially comply with Election Law §§ 6-130 and 6-132. In keeping with the *Struble* precedent, I vote to reverse the Supreme Court's final order and grant the petition to validate the subject designating petition.