Nicholas M. Pette, J.
The petitioner has instituted this proceeding pursuant to section 330 of the Election Law, to review the actions of the board of elections of the City of New York, in rejecting his designating petition consisting of some 687 signatures for the party position of male Assembly District leader, Part 23, 11th Assembly District, Queens County, and for an order validating said petition and directing the board of elections of the City of New York, to place his name on the official Democratic party ballot for the 11th Assembly primary election to be held on August 12, 1958, for said party position.
Petitioner filed said designating petition on July 8, 1958, and thereafter, after objections and specifications had been filed with the board of elections, a hearing was held on July 22, 1958, and after hearing argument and examining the petition, the board of elections found and determined that the petition was invalid because the subscribing witnesses’ statement on the petition sheets comprising said petition so filed, did not state the political party enrollment of the subscribing witness, as required by section 135 of the Election Law, to wit, that the subscribing witness was an enrolled voter of the Democratic party. _______
*106 Tlie parties have in open court stated that there are no factual questions involved in this proceeding, and that the sole question for the court to determine is one of law, viz.— Does section 135 of the Election Law require that the political party enrollment of the subscribing witness be set forth in the subscribing witnesses’ statement? The petitioner has conceded that the Democratic party enrollment of the subscribing witnesses were omitted from the statements of the subscribing witnesses to said sheets comprising the petitioner’s petition.
Section 135 of the Election Law, insofar as the same is pertinent to the question with which this court is now concerned, reads as follows: “ § 135. Form of designating petition. 3. In lieu of such authentication there may be appended at the bottom of each sheet [of the petition], a signed statement of a witness, who is a duly qualified voter of the state and an enrolled voter of the same political party as the voters qualified to sign the petition * * #. Such statement shall be accepted for all purposes as the equivalent of an affidavit, and if false shall subject the witness to the same penalties as if he had been duly sworn. The form of such statement shall be substantially as follows: Statement oe Witness I,................. (Name of witness) state: I am a duly qualified voter of the state of New York; an enrolled voter of the...............party and now reside in...............
The statute specifically states that said witnesses’ statement shall be accepted as the equivalent of an affidavit.
The court is in agreement with learned counsel for the petitioner that the clear purpose of enrolled voters who seek to designate candidates should be given effect if possible, and not frustrated by technical objections relating to matters not of a vital and mandatory nature.
The court however is of the opinion that an out and out omission of the political party enrollment of the subscribing witness to the witnesses’ statement, in the space ostensibly provided therefor immediately preceding the word ‘ ‘ party ’ ’ was not a substantial compliance with the provisions of section 135 of the Election Law. That as the court interprets and construes that section, it is manifest that the statement of the political party enrollment of the subscribing witness is very important and is of a vital and mandatory nature; its omission from such statement consequently renders the petition invalid, and the board of elections very properly invalidated the petitioner’s petition for that reason (Neville v. Heffernan, 115 N. Y. S. 2d 370, unanimously affd. 280 App. Div. 883). In the Neville case (supra) the court specifically found that the affidavits did not contain a statement by the subscribing witnesses *107 that they were enrolled voters of the Republican party, as specified by the Election Law, and the Appellate Division unanimously affirmed the lower court’s determination. The Neville case (supra) is directly in point with the case at bar. The fact that in the Neville case affidavits of subscribing witnesses were involved whereas in the case at bar we are concerned with unsworn statements does not render the Neville case uncontrolling, for subdivision 3 of section 135 of the Election Law specifically states that such subscribing witnesses’ statement shall be equivalent to an affidavit and the signer subject to the same penalties as if the same had been sworn to.
Obviously, the Legislature felt that it was important that the political party enrollment be set forth in the statement of the subscribing witness, for subdivision 3 of section 135 of the Election Law after stating that 1 ‘ The form of such statement shall be substantially as follows ” sets for the form in which the Legislature intended that the witness state that he is: “ an enrolled voter of the * * * party ’ ’ deliberately providing a blank space immediately before the word ‘ ‘ party ’ ’ so that the political party enrollment of the witness be there set forth. The court is of the opinion that the Legislature in thus setting up the form in said section 135 of the Election Law, intended and contemplated that the party enrollment of the subscribing witness must be inserted in the space it had provided for that purpose in said form. Furthermore, it is a matter of common knowledge and universal practice that when blank spaces are provided, as in said form, the purpose and intent is that the proper information be inserted in such spaces so as to afford full and complete information, and there can be no doubt that by providing said space in said form for the subscribing witnesses’ statement, the Legislature intended that information be given as to the political party enrollment of the subscribing witness.
For the foregoing reasons the court is constrained to dismiss the petitioner’s petition herein.
Submit order.