■ In the Matter of PETER F. COHALAN, Respondent, v. RICHARD OLMO, Appellant.— In consolidated proceedings by the Supervisor of the Town of Islip, under section 91 of the Town Law, to invalidate certain petitions for a referendum on a resolution of the Town Board of said town approving the acquisition of a golf course and the means to finance it, the appeal is from a judgment of the Supreme Court, Suffolk County, dated September 15, 1972, which determined, *inter alia*, that all the sheets of the petitions were improperly authenticated and that four separate petitions were filed, none of which contained enough signatures to mandate a referendum. Judgment affirmed, without costs. We agree with Special Term's determination insofar as it held that the petition sheets in dispute were not authenticated in accordance with the provisions of the Election Law governing the form of petition sheets for a town referendum (Election Law, § 135, subd. 3 ["Designating Petitions, forms"]; § 138, subd. 3 ["Independent nominations"]). These sections, which are incorporated by reference in section 91 of the Town Law, were enacted on June 17, 1971 and July 2, 1971, respectively, together with the repeal of the previous sections 135 and 138 (L. 1971, chs. 424, 1093), and they include a provision not in said previous sections, namely, that the authentication clause of an election petition sheet shall contain the following statement: "I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn." We believe that the above statement, by legislative *fiat*, is an essential part of an authentication; and appellant's failure to include it in his petition sheets, which were circulated and filed approximately a year after the enactment of the present sections 135 and 138, renders his referendum petition null and void (cf. *Matter of Anderson v. Power*, 1 A D 2d 603, affd. 1 N Y 2d 868). We do not agree with Special Term's determination insofar as it held that the four volumes or folios of appellant's sheets did not constitute one petition simply because they were not filed at the same time and were not fastened together (cf. *Matter of Lamb v. Meisser*, 19 A D 2d 782, affd. 13 N Y 2d 874; *Matter of De Luca v. McNab*, 16 N Y 2d 835). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.