■    In the Matter of NICHOLAS A. LONGO, Appellant, v JOANN M. MITLOFF et al., Respondents.—In a proceeding to invalidate petitions designating respondents as candidates in the Conservative Party primary election to be held on April 6, 1976 for the party positions of County Committeemen in the 96th Assembly District, Rockland County, the appeal is from a judgment of the Supreme Court, Rockland County, dated March 15, 1976, which denied the application. Judgment reversed, on the law, without costs or disbursements, and application granted. The findings of fact are affirmed. The designating petitions herein did not conform to the requirement of the 1971 amendment to subdivision 3 of section 135 of the Election Law (L 1971, ch 424, § 1, eff June 17, 1971), which provides for the following statement to be contained in the petition: "I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn." This omission rendered the petitions null and void (see *Matter of Cohalan v Olmo,* 41 AD2d 840, mot for lv to app den 33 NY2d 516). The case of *Matter of Civilette v Caccamise* (33 NY2d 730) is not authority to the contrary since the record there did not include the petitions objected to. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.

### (March 29, 1976)

■    DROPKIN BROS., INC., et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action *inter alia* to recover damages for breach of contract, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered November 7, 1974, in favor of defendant, upon the trial court's setting aside of a jury verdict in favor of the plaintiffs. Judgment affirmed, with costs. No reasonable view of the evidence supports the verdict in plaintiffs' favor. There is no possibility that the plaintiffs could prevail upon a retrial. Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.