*717 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the judgment of Special Term reinstated.
The "witness statement” in the designating petitions failed to include a declaration that the signatories had subscribed their names on the dates indicated in the spaces adjacent to their signatures, notwithstanding the clear language of section 6-132 of the Election Law requiring such a declaration. While section 6-132 by its terms permits "substantial compliance” with the statutorily prescribed format for designating petitions, it does not permit deviations from the statutorily prescribed content of such petitions (cf. Matter of Ruiz v Sachs, 43 NY2d 894).
The omission of the required declaration was a substantive departure from the mandates of the statute and not a mere error in form. Absent a declaration that the signatures had been obtained on the dates indicated, the petitions were deficient in much the same manner as they would have been had the witnesses failed to aver that the signatories had signed in their presence. In both cases, there is a fatal failure to include in the petition an element which the Legislature has deemed to be essential.
The substantive requirements of section 6-132 "are designed to facilitate the discovery of irregularities or fraud in designation petitions” (Matter of Rutter v Coveney, 38 NY2d 993, 994). Were we to permit deviation from these requirements in this case, we would be taking the first step toward unraveling the carefully conceived legislative scheme.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, without costs, and the judgment of Supreme Court, Bronx County, reinstated in a memorandum.