■ In the Matter of JOSEPH E. BURGESS et al., Appellants, v ANTONIA R. D'APICE et al., Respondents, and JUNE ARGRETTE et al., Respondents-Respondents.—In a proceeding to invalidate petitions designating June Argrette et al., as candidates in the Right to Life Party primary election to be held on September 10, 1985, for the public office of Councilmember in the City of Yonkers, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated August 1, 1985, as

dismissed the proceeding insofar as it was to invalidate the designating petitions of Edward J. Fagan, Jr., Castrenze J. Di Carlo, Nicholas V. Longo and June Argrette.

Appeal dismissed with respect to the designating petition of Nicholas V. Longo, without costs or disbursements. The appellants abandoned the proceeding with respect to Longo's designating petition by not specifically raising the issue at the hearing in this matter.

Judgment otherwise modified, on the law, by granting the petition insofar as it was to invalidate the designating petitions of Edward J. Fagan, Jr., and Castrenze J. Di Carlo. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The Board of Elections is directed to remove the names of Edward J. Fagan, Jr., and Castrenze J. Di Carlo from the appropriate ballot.

The signatures on the single sheet constituting the designating petition of Edward J. Fagan, Jr., were all dated "1985". The jurat date appearing on that petition was "1981". That defect is fatal (*see, Matter of Alamo v Black,* 51 NY2d 716), and to make an exception for the error could only lead to abuse (*Matter of Rutter v Coveney,* 38 NY2d 993).

The designating petition of Castrenze J. Di Carlo contained an attestation statement by a subscribing witness not residing in Di Carlo's ward. Accordingly, pursuant to Election Law § 6-132, the sheet constituting the designating petition of Di Carlo was required to contain a statement signed by a notary public or commissioner of deeds, with the "official title of [the] officer administering [the] oath" following the signature (Election Law § 6-132 [3]). Special Term erred in dismissing the petition insofar as it was to invalidate Di Carlo's designating petition which did not contain the required "official title". Contrary to Special Term's holding, the notary public's testimony at the hearing that he did in fact witness the signatures on the designating petition as a notary although he forgot to affix his notary stamp to the petition, and the fact that his notary stamp was affixed to other designating petitions cannot retroactively cure this fatal defect of failing to adhere to a mandatory requirement as to the content of the designating petition (*Matter of Sortino v Chiavaroli,* 59 AD2d 644, *affd* 42 NY2d 982; *Matter of Hunter v Compagni,* 74 AD2d 1000; *see, e.g., Matter of Ryan v Board of Elections,* 53 NY2d 515).

Special Term's decision denying the petition insofar as it was to invalidate the designating petition of June Argrette was rendered before the notary public took the stand. Therefore,

petitioners' claim that the court should have permitted cross-examination of the notary public on whether he administered an oath to the signers of the designating petitions is not a proper subject of this appeal with respect to the Argrette designating petition. Lazer, J. P., Bracken, Niehoff and Eiber, JJ., concur.