OPINION OF THE COURT
William H. Keniry, J.
The petitioners in this special proceeding are 32 members of *397 the Democratic Party residing in various election districts in Columbia County who timely filed designating petitions with the respondents Richard C. McGivney and Glenn C. Wallace, constituting the Columbia County Board of Elections for the party position of member of the Democratic County Committee for election at the September 12, 1989 primary election. Each of the respective designating petitions of petitioners was declared invalid by the respondents for the reason that they were not in "the proper form as stated in Section 6-134.2 [sic] of the New York State Election Law”. The petitioners now seek a final judgment declaring that their respective petitioners are sufficient, effective and valid.
The facts are uncontroverted. The petitions in question were filed with the Board of Elections on July 13, 1989 along with numerous other petitions for the same party position. Thereafter, certain objections were filed against the designating petitions of other individuals seeking the position of member of the Democratic Party Committee. No objections were filed against the petitions of any of the 32 petitioners. The respondents aver that "Once objections have been filed in particular primaries, the Board determines as a matter of routine and consistent policy that the designating petitions within that specific area merit further attention”. On July 26, 1989, the respondents met and, in addition to considering the specific objections filed against specific designating petitions, reviewed the nonchallenged designating petitions of the petitioners and determined that they were invalid. The deficiencies center around the fact that the petitions were either not properly bound or paginated. On July 27, 1989, letters were mailed to each of the petitioners informing them of the Board’s decision. The Board’s review was made without notice of any kind to the petitioners.
The issue presented is narrowly framed. Was the Board’s sua sponte review and invalidation of the petitioners’ unchallenged designating petitions a lawful exercise of its powers? For the reasons outlined, the court answers the question in the negative.
A Board of Elections’ statutory power extends only to a ministerial examination of the legal sufficiency of a designating petition (Matter of Frankel v Cheshire, 212 App Div 664). "The distinction between ministerial and judicial acts is that where the law prescribes the rule to be followed so as to leave nothing to the exercise of judgment or discretion, the act is a ministerial act, but where the act involves the exercise of *398 judgment or discretion in determining whether the duty exists, the act is judicial” (Matter of Wicksel v Cohen, 262 NY 446, 449). A Board has no power to pass on any question of fact or on matters not appearing on the face of the petition (Matter of McGovern v Olson, 291 NY 104). It is also true that the mere filing and acceptance of a petition does not ipso facto preclude the Board from any additional review (Matter of Veteran v Tarrytown Citizens’ Party, 13 Misc 2d 664).
Respondents contend that Election Law § 6-134 (2) authorized their review of the petitions in question as part of their duty to insure that all petitions are in proper form (see, Election Law § 6-132). They contend that their review in this case was simply a proper exercise of their ministerial obligation. However, the law is settled that the binding requirement of a petition and the numbering of sheets in a petition are matters of content rather than form (Matter of Braxton v Mahoney, 63 NY2d 691; Matter of Bouldin v Scaringe, 133 AD2d 287, lv denied 70 NY2d 604). Section 6-154 (1) of the Election Law states that "Any petition filed * * * shall be presumptively valid if it is in proper form and appears to bear the requisite number of signatures, authenticated in a manner prescribed by this chapter”. There is no mention of binding or pagination in section 6-154 giving further support to the proposition that such items pertain to content and not to form. The form of a nominating or designating petition is specified in section 6-132. The legal principles in force today pertaining to binding and pagination have been established by judicial rulings. The determination of whether a petition complies with such requirements is a judicial, not ministerial function.
The Election Law specifically provides a procedure by which objections to a designating petition may be filed (Election Law § 6-154). The objections must be in writing and must be filed within three days after the filing of the petition. Candidates whose petitions are challenged are given notice and an opportunity to be heard.
The procedure followed by the respondents in this case is fraught with danger since it is susceptible of selective application. The petitioners herein were not afforded notice that their designating petitions were going to undergo "additional review” triggered solely by the filing of objections to some other candidates’ petitions. Indeed, the respondents’ policy is, by definition and application, arbitrary and selective. It violates fundamental due process. Based upon the Board’s stated pol *399 icy, only in a race where an objection is filed are the nonchallenged petitions deemed to "merit further attention”. Thus, in the upcoming primary in Columbia County there are seven other primary races in which all petitions were not subject to "further attention” merely because of the fortuity that an objection was not lodged against any petition in those races. There may be designating petitions in those other races that are not adequately bound or paginated and which have not been invalidated by the respondents.
The court concludes that the respondents’ action in declaring the designating petitions of the 32 petitioners for the party position for member of the Democratic County Committee invalid be and hereby is annulled and vacated and said designating petitions are declared sufficient, effective and valid.