■ In the Matter of JOANN PISACANE, Appellant, v LLOYD KING, JR., et al., Respondents, and PETER A. CHEMA et al., Respondents.—In a proceeding to invalidate a petition designating Peter A. Chema, Richard B. Liebowitz and Redentore A. Ferrari as candidates in the Republican Party primary election to be held on September 12, 1991, for the nomination of that party as its candidates for the public offices of Mayor, City Judge and City Council President of the City of Yonkers, respectively, the appeal is from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated August 14, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, the omission of the term "I do hereby appoint" from that portion of the designating petition relating to the committee to fill vacancies did not render the petition invalid. Although Election Law § 6-132 does not permit deviations from the statutorily prescribed content of designating petitions, it does permit "substantial compliance" with the statutorily prescribed format for such petitions *(see, Matter of Alamo v Black,* 51 NY2d 716, 717; *Matter of Clarkin v Power,* 26 Misc 2d 58, *affd* 10 AD2d 998, *affd* 8 NY2d 876). Upon reviewing the designating petition, we find that there was substantial compliance.

The record also indicates that the respondents-respondents' designating petition contained a sufficient number of valid

signatures. Bracken, J. P., Kooper, Harwood, Balletta and Copertino, JJ., concur.