OPINION OF THE COURT
Edward W. McCarty, III, J.
Facts
The genesis of this Election Law case took place on October 29, 2002 when the petitioner, pursuant to Town Law § 81, filed in the Town of North Hempstead a petition captioned: “Shall *789 the Ward System be established for the election of Councilmen/ Councilwomen in the Town of North Hempstead?” The petition was filed with Michelle Schimel, the Town Clerk for the Town of North Hempstead. Upon its submission the petition contained 3,902 signatures. The petition facially met all the requirements of the New York State Election and Town Laws. On each sheet of the petition there was a space for the petitioner’s signature, resident address and date of signing. At the bottom of the sheet was a statement of a witness for the authentication of signatures.
There were no “filed objections” to the petition during the statutory period for citizens to object. Petitioners contend that the signatures on the petition were “subscribed” and “authenticated” in the manner provided by the Election Law for the authentication of nominating petitions by voters of the town. They further contend that the petition was subscribed by citizens of North Hempstead qualified to vote upon a proposition to raise and expend money, in a number equal to at least 5% of the total votes cast for Governor in the Town of North Hempstead at the last (1998) general election held for the election of state officers.
Although the petition went unchallenged, Town Clerk Schimel, and members of her staff, dedicated many days to an exhaustive review of the contents of the petition. Thirty-eight days after the submission of the petition, Town Clerk Schimel, disclosed that her review resulted in the disqualification of 311 signatures for various reasons. She found that of the initial 3,902 signatures submitted to her only 3,749 were qualified voters in the Town of North Hempstead. She further disqualified another 20 petitioners for not placing an address on the petition. She disqualified 10 petitioners for signing the petition twice. She disqualified another 10 petitioners whose signatures differed from their printed name. She disqualified another eight petitioners who signed on the back of the petition. She disqualified 74 petitioners for dating irregularities. She disqualified 30 petitioners for witness irregularities and she further disqualified six witnesses to the petition who failed to write their home addresses. The sua sponte actions of Town Clerk Schimel had the effect of invalidating the petition for having less than 5% of petitioners required under the Election Law as she had determined the total vote for Governor in 1998 for the Town of North Hempstead to be 74,739.
*790 The Town Clerk Exceeded Her Authority By Reviewing the Petition For Information Beyond the Requirements Found in Town Law § 81 and Election Law § 6-154
A town board, under Town Law § 81 (2) (b), shall, upon the submission of a valid petition, cause a special town election for the proposition. A valid petition for such a referendum, under Town Law § 81 (4), must contain signatures of qualified electors of the town in the amount of at least 5% of the total votes cast for Governor in the town at the last general election and said signatures must be subscribed and authenticated in the manner provided by the Election Law for the authentication of nominating petitions. The Election Law makes the petition presumptively valid if it meets these tests. (See Election Law § 6-154 [1].) Town Law § 81 (4) expressly provides that the form and authentication conform to nominating petition requirements. Election Law § 6-138 (2) provides that the form for nominating petitions must conform to the rules and requirements of designating petitions. The form for a designating petition is found in Election Law § 6-132. This section provides that for each petition, the petition must contain only the date, name of signer, resident address, and authenticating statement of witness at the bottom of each sheet. A review of the applicable case law discloses that the requirements of Election Law § 6-132 (1) and (2) require only substantial compliance and not literal and precise compliance for their legitimacy. (See Matter of Clarkin v Power, 8 NY2d 876 [I960]; Matter of Cohalan v Olmo, 41 AD2d 840 [2d Dept 1973]; Matter of Pisacane v King, 175 AD2d 894 [2d Dept 1991].)
A town clerk’s authority to access the validity of a petition filed pursuant to Town Law § 81 is established by the authority conferred upon the board of elections to review petitions filed before it. A board of elections’ statutory power for a petition review extends only to the legal sufficiency of designating petitions filed before it. (See Matter of Frankel [Cheshire], 212 App Div 664 [2d Dept 1925]; Matter of Waters [Cohen], 248 App Div 830 [2d Dept 1936]; Matter of O’Connor v McGivney, 144 Misc 2d 396.) In Matter of Wicksel v Cohen (262 NY 446, 449 [1933]), the Court of Appeals defined the parameters of a board of elections’ authority to review otherwise unchallenged petitions. The Court held that it was within the power of the board of elections, and in this matter the Town Clerk, to review petitions in the execution of the ministerial duty of their office. *791 This ministerial duty was limited by the Court to a review to determine whether the signatures on a petition were those of qualified voters in the electoral district or if any qualified voters may have signed the petition twice. The Court of Appeals did not expand the execution of this ministerial review to anything further than a determination of qualified voters’ signatures or repeat signatures on a petition. Town Clerk Schimel and her staff far exceeded the scope of a ministerial review. She became in fact and in law an objector. In the absence of an objector to the petitions she lacked the authority to object to, and invalidate, the 148 signatures beyond her ministerial duty to determine if the signers were qualified voters in the Town of North Hempstead or if a qualified voter signed the petition twice.
In addition to exceeding her review authority, North Hemp-stead Town Clerk Schimel also utilized an incorrect base number concerning the total number of votes cast for Governor within the Town of North Hempstead during the 1998 election. In that election the total number of votes within the Town of North Hempstead was 74,739. The actual number of those votes cast for a gubernatorial candidate was 72,894. Voting records indicate that 1,845 voters did not cast a ballot for any gubernatorial candidate during that election. It would be sheer folly to attempt to determine “voter intent” as to why such voters did not cast a gubernatorial ballot. Suffice it to say that 1,845 voters failed to participate in a choice for the election of a Governor. Five percent of the total vote for Governor during the 1998 election in the Town of North Hempstead results in a figure of 3,645 (5% of 72,894) not the number used by Town Clerk Schimel of 3,737 (5% of 74,739). When Town Clerk Schimel determined that 3,739 names on the petition were qualified voters in the Town of North Hempstead or had not signed twice her ministerial duty of reviewing the petition were completed. Her determination, therefore, established that the petition had met the requirements of subscription by citizens of North Hempstead qualified to vote upon a proposition to raise and expend money, in a number equal to at least 5% of the total votes cast for Governor in the Town of North Hempstead during the 1998 general election for the election of state officers.
The petitioner’s petition conformed to all the authentication requirements of the Town and Election Laws. The petition is factually and legally sufficient and is presumptively valid under Election Law § 6-154 (1). Town Clerk Schimel was required to *792 present it to the Town Board for that Board’s statutory required administrative implementation. By failing to submit the petition to the North Hempstead Town Board the Town Clerk violated the unequivocal legal right of the petitioners for a special election.
The respondents further contend that the Town Board is a necessary party to this action under section 1001 of the Civil Practice Law and Rules and must be joined under CPLR 1003. The respondent has failed to show that the Town Board will be “inequitably effected” by the relief sought in the petition. Upon the filing of the valid petition with the Town Clerk a special election is required. No further approval by the Town Board was necessary. The Town Board is not “inequitably affected” by the relief sought and is not a required party to this petition.
Conclusion
The Town Clerk for the Town of North Hempstead is directed to present to the Town Board the petition captioned: “Shall the Ward System be established for the election of Councilmen/ Councilwomen in the Town of North Hempstead?” for the statutorily required administrative implementation.