■ In the Matter of ELLA STEVENS et al., Respondents, v NATILE J. COLLINS et al., Appellants, et al., Respondents. [991 NYS2d 321]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing for write-in candidates pursuant to Election Law § 6-164 in a primary election to be held on September 9, 2014, for the nomination as the Green Party candidate for the public office of State Senator for the 8th Senatorial District, in which Natile J. Collins, Kevin F. Hagan, and Gerald W. Bethea cross-petitioned, among other things, to validate the petition for an opportunity

to ballot, Natile J. Collins, Kevin F. Hagan, and Gerald W. Bethea appeal from a final order of the Supreme Court, Nassau County (Driscoll, J.), entered August 8, 2014, which, after a hearing, granted the petition, inter alia, to invalidate the petition for an opportunity to ballot and denied their cross petition, among other things, to validate the petition for an opportunity to ballot.

Ordered that the final order is affirmed, without costs or disbursements.

Natalie J. Collins, sued herein as Natile J. Collins, together with Kevin F. Hagan and Gerald W. Bethea (hereinafter collectively the appellants), filed, with the New York State Board of Elections (hereinafter the Board of Elections), a petition for an opportunity to ballot by providing for write-in candidates pursuant to Election Law § 6-164 in a primary election to be held on September 9, 2014, for the nomination as the Green Party candidate for the public office of State Senator for the 8th Senatorial District. Michael Venditto, as an aggrieved candidate, and Ella Stevens and Patricia Woodstock, as citizen-objectors, commenced this proceeding, inter alia, to invalidate the petition for an opportunity to ballot, and the appellants cross-petitioned, among other things, to validate the petition for an opportunity to ballot. The Supreme Court invalidated the petition for an opportunity to ballot on the ground that there was an insufficient number of valid signatures.

Contrary to the appellants' contention, the Supreme Court properly invalidated all of the signatures appearing on sheet 2 of the opportunity-to-ballot petition. The date of the jurat purporting to authenticate the signatures on sheet 2 of that petition was "6-16-14," whereas the signatures were all dated in July. That discrepancy was fatal to the signatures appearing on that page (*see Matter of Alamo v Black*, 51 NY2d 716, 717 [1980]; *Matter of MacKay v Cochran*, 264 AD2d 699, 700 [1999]; *Matter of Burgess v D'Apice*, 112 AD2d 1058, 1059 [1985]). The hearing testimony of the notary that he in fact authenticated the signatures on sheet 2 in July, and that the date marked was an inadvertent mistake, did not serve to correct the defect, inasmuch as the time to file petitions with the Board of Elections, as well as the time to amend or correct such petitions, had expired by the time the hearing was held (*see Daverso v Romeo*, 89 AD2d 1054 [1982]; *Matter of Esse v Chiavaroli*, 71 AD2d 1046 [1979]; *Matter of Sortino v Chiavaroli*, 59 AD2d 644 [1977], *affd* 42 NY2d 982 [1977]; *Matter of Lyden v Sullivan*, 269 App Div 942 [1945]; *Matter of Sinon v Westchester County Bd. of Elections*, 29 Misc 3d 496, 504 [Sup Ct, Westchester

County 2010]; *cf. Matter of Etkin v Thalmann*, 287 AD2d 775, 776 [2001]).

Contrary to the appellants' further contention, the Supreme Court did not improvidently exercise its discretion in denying their request for an opportunity to ballot on equitable grounds. The opportunity to ballot may be afforded as an "exceptional equitable remedy" where a designating petition manifests an ostensibly viable candidacy but is nullified on the ground of a technical defect, leaving the political party without a designated candidate for a given office (*Matter of Harden v Board of Elections in City of N.Y.*, 74 NY2d 796, 797-798 [1989]; *see Matter of Hunting v Power*, 20 NY2d 680, 681 [1967]; *Matter of Gray v Hochberg*, 175 AD2d 892 [1991]). Here, since the requirement that the notarial statement accurately reflect the date of the authentication is one of substance, not form (*see Matter of Alamo v Black*, 51 NY2d at 717; *Matter of MacKay v Cochran*, 264 AD2d at 700; *Matter of Burgess v D'Apice*, 112 AD2d at 1059), the error in the jurat on sheet 2 cannot be considered merely technical (*see Matter of Bowen v Ulster County Bd. of Elections*, 21 AD3d 693, 695 [2005]). Moreover, the opportunity-to-ballot remedy is "intended to permit voters to write in the name of the candidate whose *designating petition* failed to comply with the technical dictates of the Election Law" (*Matter of Hochberg v D'Apice*, 112 AD2d 1067, 1068 [1985], *affd* 65 NY2d 960, 961 [1985] [emphasis added]). Where, as here, the defective petition itself was for an opportunity to ballot pursuant to Election Law § 6-164, and the signers of the petition had not previously indicated their support for a specific candidate, the remedy is unavailable (*see Matter of Hochberg v D'Apice*, 112 AD2d at 1068). Indeed, awarding the appellants the opportunity to ballot by write-in as an equitable remedy would permit them to obtain relief identical to that which they sought under the statute despite their failure to comply with the substantive statutory requirements. "The 'opportunity to ballot' remedy . . . was not intended to be a generally available substitute for the petition process set forth in article 6 of the Election Law" (*Matter of Harden v Board of Elections in City of N.Y.*, 74 NY2d at 797). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.