# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

886

CAE 15-01339

PRESENT: SCUDDER, P.J., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DAVID G. BONIELLO,
PETITIONER-APPELLANT,

               V                           MEMORANDUM AND ORDER

NIAGARA COUNTY BOARD OF ELECTIONS, LORA ALLEN
AND JENNIFER FRONCZAK, AS COMMISSIONERS
OF NIAGARA COUNTY BOARD OF ELECTIONS, AND
MATTHEW MARRA, RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

---

JAMES OSTROWSKI, BUFFALO, FOR PETITIONER-APPELLANT.

CLAUDE A. JOERG, COUNTY ATTORNEY, LOCKPORT, FOR
RESPONDENTS-RESPONDENTS NIAGARA COUNTY BOARD OF ELECTIONS, AND LORA
ALLEN AND JENNIFER FRONCZAK, AS COMMISSIONERS OF NIAGARA COUNTY BOARD
OF ELECTIONS.

MICHAEL J. SULLIVAN, FREDONIA, FOR RESPONDENT-RESPONDENT MATTHEW
MARRA.

---

Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered August 14, 2015 in a proceeding pursuant to Election Law article 16. The order, insofar as appealed from, denied and dismissed the petition and directed that the name of petitioner shall not be placed on the Working Families Party primary ballot for the office of Niagara Falls City Court Judge.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced the proceeding in appeal No. 1 seeking to validate his designating petition for the position of Niagara Falls City Court Judge on the Working Families Party primary ballot, and he commenced the proceeding in appeal No. 2 seeking to validate his designating petition for that same position on the Republican Party primary ballot. In each proceeding, Supreme Court denied the petition, and petitioner appeals.

In appeal No. 1, petitioner contends that the court erred in determining that the failure of a notary to date the jurat of authentification on one page of signatures on petitioner's designating petition was fatal to the validity of those signatures. The page contained nine signatures, and the only writing on the date line was

the numeral "9."  Contrary to petitioner's contention, we conclude that the court "correctly held that [his failure] to date [the] jurat[] of authentication placed on his designating petition[] was fatal to the validity of [that] petition[]" (*Matter of Sortino v Chiavaroli*, 59 AD2d 644, 644, *affd* 42 NY2d 982; *see Matter of Stevens v Collins*, 120 AD3d 696, 697-698; *see also Matter of Quinn v Erie County Bd. of Elections*, 120 AD3d 992, 992-993, *lv denied* 23 NY3d 908; *cf. Matter of Berney v Bosworth*, 87 AD3d 948, 949).  The date of authentication by a notary, like the date of a signed statement by a subscribing witness, is a matter of statutorily-prescribed content for which " 'strict compliance is required' " (*Quinn*, 120 AD3d at 993; *see* Election Law § 6-132 [2], [3]; *Matter of Alamo v Black*, 51 NY2d 716, 717; *Stevens*, 120 AD3d at 697).

Petitioner further contends in each appeal that the manner in which respondent Niagara County Board of Elections (Board) invalidated his designating petitions violated the Open Meetings Law and his due process rights to notice and a hearing.  In a proceeding to validate a designating petition, however, "the burden of proof is on the candidate to establish that the petition is valid," and not merely to establish that the Board committed a procedural error (*Matter of Goldstein v Carlsen*, 59 AD2d 642, 643, *affd* 42 NY2d 993; *see Matter of Schneeberg v New York State Bd. of Elections*, 51 NY2d 814, 815).  In view of our rejection of petitioner's sole basis for contending that his designating petition was valid in appeal No. 1, as well as his failure to set forth any basis for contending that his designating petition was valid in appeal No. 2, we conclude that he "failed to meet his burden of establishing the validity of his designating petition[]" in either proceeding irrespective of the alleged violations of the Open Meetings Law and his due process rights (*Matter of Adamczyk v Mohr*, 87 AD3d 833, 835, *lv denied* 17 NY3d 706; *see Schneeberg*, 51 NY2d at 815; *Matter of Mansfield v Epstein*, 5 NY2d 70, 74).  In any event, "[p]etitioner was not entitled to any greater due process than that provided by the statutory process for judicial review of [the Board's] determination pursuant to Election Law § 16-102 (1) . . . , and petitioner took advantage of that process" (*Matter of Iocovozzi v Herkimer County Bd. of Elections*, 76 AD3d 797, 798; *see Matter of Meader v Barasch*, 133 AD2d 925, 926-927, *lv denied* 70 NY2d 611).

Entered: August 19, 2015                        Frances E. Cafarell
                                                Clerk of the Court