Matter of Schildt v Campanella (2025 NY Slip Op 50682(U))

[*1]

Matter of Schildt v Campanella

2025 NY Slip Op 50682(U)

Decided on April 29, 2025

Supreme Court, Monroe County

Doyle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2025
Supreme Court, Monroe County

In the Matter of the Application of 
 Leslie Schildt, as Aggrieved Candidate for the 12th Legislative District of Monroe County, Petitioner,

against
Deborah Campanella, Monroe County Board of Elections, Peter Elder, as Republican Commissioner of the Monroe County Board of Elections, Jackie Ortiz, as Democrat Commissioner of the Monroe County Board of Elections, David W. Reilich, as Republican Deputy Commissioner of the Monroe County Board of Elections, & Natalie Sheppard, as Democrat Deputy Commissioner of the Monroe County Board, Respondents. 
 For an Order Pursuant to Sections 6-132, 16-100, 16-102, and 16-116 of the Election Law and CPLR Section 3001, Declaring Invalid and Insufficient the Republican Designating Petitions Purporting to Nominate Deborah Campanella for the Public Office of County Legislator, 12th Legislative District, County of Monroe, in the Primary Election to be held June 24, 2025, and to Restrain the Monroe County Board of Elections from Printing and Placing the Name of Deborah Campanella Upon the Official Ballots of Such Primary and/or General Election.

Index No. E2025008197

Matthew R. Lembke, Esq., CERULLI MASSARE & LEMBKE, Attorney for Petitioner
Daniel E. Strollo, Esq., Attorney for Respondents Deborah Campanella 
John P. Bringewatt, Esq., Monroe County Attorney, Maria Rodi, Esq., of counsel, for Respondents Monroe County Board of Elections and Peter Elder

Daniel J. Doyle, J.

In this proceeding Petitioner Leslie Schildt (hereinafter "Schildt"), candidate for the Republican nomination for the Monroe County Legislature's 12th Legislative District (hereinafter "LD 12"), seeks to invalidate the designating petition of Respondent Deborah Campanella (hereinafter "Campanella") as the Republican Party candidate for LD 12 for the primary election to be held on June 24, 2025. The essence of Schildt's claim for relief is that each designating petition submitted by Campanella contains a witness subscribing statement that omits statutorily [*2]required language, mandating invalidation of the petition.[FN1]

For the reasons that follow, the petition is GRANTED.
Prior Proceedings
Petitioner initiated this action by way of a petition with concomitant order to show cause on April 15, 2025. The Court, recognizing that "[e]lection Law proceedings are subject to severe time constraints, and they require immediate action (see Matter of Tenneriello v. Board of Elections in City of NY, 104 AD2d 467, 468, 479 N.Y.S.2d 72)" (Master v. Pohanka, 44 A.3d 1050, 1052 [2nd Dept. 2007]) directed the parties to appear on April 21, 2025. At that appearance, the Court ordered that responding papers be served by 12:00 p.m. on April 28, 2025, and reply papers by 5:00 p.m. on that date.
The parties stipulated that no fact-finding hearing was necessary.
As the certification of the primary ballot must be done by the Monroe County Board of Elections by May 1, 2025, the Court agreed to rule on the petition by April 29, 2025.
Findings of Fact [FN2]
On April 13, 2025, Campanella filed a designating petition with the Monroe County Board of Elections designating her as a candidate for the Republican Party nomination for LD 12 county legislator position. The petition contained 38 pages with 461 total signatures. Each page contained the following "STATEMENT OF WITNESS":

Notably, the "statement of witness" on each page omitted the language "signed this sheet" at the end of the third paragraph as required by Election Law § 6-132 (2). Instead, each page's "statement of witness" had an incomplete clause in that paragraph stating: ". . .and identified himself or herself to be the individual who".
Conclusions of Law
Election Law § 6-132 (2) states (emphasis supplied):
2. There shall be appended at the bottom of each sheet a signed statement of a witness who is a duly qualified voter of the state, who is an enrolled voter of the same political party as the voters qualified to sign the petition and who has not previously signed a petition for another candidate for the same office. Such a statement shall be accepted for all purposes as the equivalent of an affidavit, and if it contains a material false statement, shall subject the person signing it to the same penalties as if he or she had been duly sworn. The form of such statement shall be substantially as follows:

 STATEMENT OF WITNESS
I, ____________ (name of witness) state: I am a duly qualified voter of the State of New York and am an enrolled voter of the __________ party. I now reside at _____________ (residence address).
Each of the individuals whose names are subscribed to this petition sheet containing _____________ (fill in number) signatures, subscribed the same in my presence on [*3]the dates above indicated and identified himself or herself to be the individual who signed this sheet.
I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn.
Date: ________
___________________
Signature of Witness
The Court of Appeals in Alamo v. Black (51 NY2d 716 [1980]) held that although Election Law § 6-132 (2) permits "substantial compliance" with the format of the witness statement, it does not permit "deviations from the statutorily prescribed content". The Court held that:
[t]he substantive requirements of section 6-132 "are designed to facilitate the discovery of irregularities or fraud in designation petitions" (Matter of Rutter v Coveney, 38 NY2d 993, 994). Were we to permit deviation from these requirements in this case, we would be taking the first step toward unraveling the carefully conceived legislative scheme.
(Id. at 717.)[FN3]
Relevant herein, the statutory content mandated by Election Law § 6-132 (2) is an attestation by the subscribing witness that the signatory signed the petition in the presence of the subscribing witness and that the signatory identified themselves as the person who signed the petition. Any deviation from the statutory language that changes the required content of the attestation- resulting in an attestation that does not convey the same principles as the language in Election Law § 6-132- is invalid.
The statutory language at issue herein is "designed to facilitate the discovery of irregularities or fraud in designation petitions" (Alamo v. Black, 51 NY2d at 7171, quoting Matter of Rutter v Coveney, 38 NY2d 993, 994 [1976].) The language is designed to ensure that the subscribing witness ensures that the person signing the petition is the same person identified as the "duly enrolled" voter whose signature appears on the petition and thus to prevent instances where the signer is signing on behalf of another person. The statutory language is thus an attestation that the subscribing witness was in the presence of the signer, observed the signatory sign the petition, and the signer was the person whose signature appears on the petition. (See e.g., Dearmyer v. Stachura, 217 AD3d 1454 [4th Dept. 2023]; Burman v. Subedi, 172 AD3d 1882, 1883 [3rd Dept 2019]- describing the statutory language at issue here as an attestation and holding that respondent falsely signed a statement when "the voters did not subscribe their signatures in [respondent's] presence nor did they identify themselves to [respondent] as the [*4]signatories".)[FN4]

The omission of the statutory language "signed this sheet" rendered the attestation in the respondent's designating petition meaningless and resulted in an attestation that does not adequately comport with requirements of Election Law § 6-132. The omission of the necessary words resulted in an attestation which stated: "[e]ach of the individuals whose names are subscribed to this petition sheet containing (fill in number) ____ signatures, subscribed the same in my presence on the dates above indicated". The remaining clause in the petitioner's attestation is a functional nullity.
As a result of the omission of the phrase "signed this sheet", the resultant attestation allows the subscribing witness to attest that he observed a person sign the designating petition- but avoid having to attest that signatory was, in fact, the "duly enrolled" voter whose name appears next to the signature. This is contrary to the intent of Election Law § 6-132 (2). (See e.g. Valenti v. Bugbee, 88 AD3d 1056, 1058 [3rd Dept. 2011]: "[respondent] signed the witness statement at the bottom of each page of the petition, which is "the equivalent of an affidavit," attesting that each person whose name appeared thereon had subscribed his or her name "in my presence" and "identified himself [or herself] to be the individual who signed this sheet".)[FN5]

The Court rejects the respondents' argument that the omission of the required language results in an attestation that is in substantial compliance with Election Law § 6-132. The omission of the relevant phrase resulted in an attestation that merely states that the individuals signed the sheet in the subscribing witness's presence- and omits the language that is designed to [*5]"facilitate the discovery of irregularities or fraud in designation petitions" i.e., persons who sign for other purported signatories.
The cases cited by the respondents are inapposite. The defect in issue in Powers v. Kozlowski (54 AD3d 540 [4th Dept. 2008])- the inclusion of an incorrect "town or city" in the witness information- was an "inconsequential error" that did "not involve the 'substantive requirements of witness eligibility'" as the subscribing witnesses "listed his or her full and complete address on each of the challenged sheets". (Id. at 541-542.) Here, the error was not inconsequential at it rendered the required attestation a nullity. Similarly, the error in Sheldon v. Bjork (142 AD3d 763, [4th Dept. 2016]) was also inconsequential- the required "witness statements were printed on separate sheets that were stapled to the signature sheets". (Id.)
The statement of a subscribing witness pursuant to Election Law § 6-132 (2) is "[e]ssential to the integrity of the petition process". (Quinlin v. Pierce, 254 AD2d 690 [4th Dept. 1998]; Jonas v. Velez, 65 NY2d 954 [1985].) The defect herein resulted in a designating petition that did not substantially comply with Election Law § 6-132 (2). Thus, the petition is fatally defective. (Craig v. Borrero, 172 AD3d 1944, 1945 [4th Dept. 2019]: "The designating petition did not substantially comply with section 6-132 (2) because it failed to include, among other things, any language in the witness statements identifying the party affiliation of the witnesses (see Matter of Bailey v Power, 12 Misc 2d 105, 106 [Sup Ct, Queens County 1958], affd 6 AD2d 996 [2d Dept 1958]; see generally Matter of Hochhauser v Grinblat, 307 AD2d 1007, 1008 [2d Dept 2003])." See also Boniello v. Niagara County Board of Elections, 131 AD3d 806, 807 [4th Dept. 2015: "The date of authentication by a notary, like the date of a signed statement by a subscribing witness, is a matter of statutorily-prescribed content for which " "strict compliance is required' " (Quinn, 120 AD3d at 993; see Election Law § 6-132 [2], [3]; Matter of Alamo v Black, 51 NY2d 716, 717 [1980]; Stevens, 120 AD3d at 697)".)[FN6]

Based upon the forgoing, and the submissions of the parties,[FN7]
it is hereby
ORDERED, ADJUDGED and DECREED that the Petition seeking to invalidate the Republican Party Designating Petition filed with the Monroe County Board of Elections on April 13, 2024, purporting to designate Deborah Campanella as a Republican Party candidate for the public office of Monroe County Legislator for the 12th Legislative District and to remove Deborah Campanella's name from the Ballot for the Primary Election on June 24, 2025 for said position is GRANTED; and it is further
ORDERED, ADJUDGED and DECREED that the Respondent Monroe County Board of Elections, and the Commissioners thereof, shall remove Deborah Campanella's name from the Ballot for the Primary Election on June 24, 2025, for the office of Monroe County Legislator for the 12th Legislative District and it is further
ORDERED that the petitioner's motion for a default judgment is dismissed as moot.
Dated: April 29, 2025
Honorable Daniel J. Doyle, JSC

Footnotes

Footnote 1:Petitioner also moves (in a Notice of Motion filed on the date of this Decision, Order, and Judgment) for a default judgment as none of the respondents filed an answer to the petition.

Footnote 2:As the respondents did not file an answer to the petition, the following facts- taken from the petition- are deemed to be established by the petitioner.

Footnote 3:See also Hutson v. Bass (54 NY2d 772, 774 [1981]) (in applying Election Law § 6-134): "While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content (cf. Matter of Higby v Mahoney, 48 NY2d 15).* We cannot say here, as we have elsewhere, that there has "been compliance with the requirements of * * * the Election Law as to content and substantial compliance with the requirements of that [law] as to form" (Matter of Ruiz v Sachs, 43 NY2d 894, 895)." (Id. FN omitted.)

Footnote 4:See also Grynspan v. Moore (194 AD3d 1493, 1493-94 [4th Dept. 2021]):
 Here, petitioner established by clear and convincing evidence that respondent, as a subscribing witness, attested that he had witnessed certain signatures on the designating petition even though third parties had signed the petition on behalf of the person named as the signatory on the designating petition (see Matter of Burman v. Subedi, 172 AD3d 1882, 1883, 101 N.Y.S.3d 523 [3d Dept. 2019], lv denied 33 NY3d 906, 2019 WL 2402168 [2019]; Matter of Valenti v. Bugbee, 88 AD3d 1056, 1058, 930 N.Y.S.2d 319 [3d Dept. 2011]) and that respondent attested to one signature although he was not "in the presence of the signator[y] when [she] signed the [designating] petition" (Matter of McHale v. Smolinski, 133 AD2d 520, 520, 519 N.Y.S.2d 890 [4th Dept. 1987]; see Election Law § 6-132 [2]; Matter of Tani v. Luddy, 32 Misc 2d 53, 55, 221 N.Y.S.2d 314 [Sup. Ct., Westchester County 1961]).

Footnote 5:See also Buttenschon v. Salatino (164 AD3d 1588, 1589 [4th Dept. 2018]):
 Here, petitioners established that multiple subscribing witnesses, including respondent, attested falsely that they had witnessed certain signatures on the designating petition inasmuch as they had allowed third-parties to sign the petition on behalf of the person named as the signatory on the designating petition (see Matter of Valenti v. Bugbee, 88 AD3d 1056, 1058, 930 N.Y.S.2d 319 [3d Dept. 2011]), and that respondent attested to certain signatures although he was not "in the presence of the signatories when [they] signed the [designating] petition" (Matter of McHale v. Smolinski, 133 AD2d 520, 520, 519 N.Y.S.2d 890 [4th Dept. 1987]; see Election Law § 6—132[2]; Matter of Tani v. Luddy, 32 Misc 2d 53, 55, 221 N.Y.S.2d 314 [Sup. Ct., Westchester County 1961]).

Footnote 6:See also Fuentes v. Lopez, 264 AD2d 490 (2nd Dept. 1999); Longo v. Mitloff, 51 AD2d 1052 (2nd Dept. 1976).

Footnote 7:Petition with exhibits (NYSCEF Docket #s 1-3); Order to Show Cause (NYSCEF Docket #s 4, 7); Affirmation in Support (NYSCEF Docket # 6); Affirmation in Opposition (NYSCEF Docket # 9); Memorandum of Law in Opposition (NYSCEF Docket # 10); Memorandum of Law in Opposition (NYSCEF Docket # 11); Notice of Motion (NYSCEF Docket # 12); Affirmation in Support (NYSCEF Docket # 13); Memorandum of Law in Reply (NYSCEF Docket # 14).