Matter of Schildt v Campanella (2025 NY Slip Op 02819)

Matter of Schildt v Campanella

2025 NY Slip Op 02819

Decided on May 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, DELCONTE, AND HANNAH, JJ.

416 CAE 25-00709

[*1]IN THE MATTER OF LESLIE SCHILDT, AN AGGRIEVED CANDIDATE FOR THE 12TH LEGISLATIVE DISTRICT OF MONROE COUNTY, PETITIONER-RESPONDENT,
v
DEBORAH CAMPANELLA, MONROE COUNTY BOARD OF ELECTIONS, PETER ELDER, AS REPUBLICAN COMMISSIONER OF MONROE COUNTY BOARD OF ELECTIONS, JACKIE ORTIZ, AS DEMOCRAT COMMISSIONER OF MONROE COUNTY BOARD OF ELECTIONS, DAVID W. REILICH, AS REPUBLICAN DEPUTY COMMISSIONER OF MONROE COUNTY BOARD OF ELECTIONS AND NATALIE SHEPPARD, AS DEMOCRAT DEPUTY COMMISSIONER OF MONROE COUNTY BOARD OF ELECTIONS, RESPONDENTS-APPELLANTS. (APPEAL NO. 2.) 

DANIEL E. STROLLO, ROCHESTER, FOR RESPONDENT-APPELLANT DEBORAH CAMPANELLA.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARIA E. RODI OF COUNSEL), FOR RESPONDENTS-APPELLANTS MONROE COUNTY BOARD OF

 Appeals from an order and judgment (one paper) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 29, 2025, in a proceeding pursuant to Election Law article 16. The order and judgment, inter alia, granted the petition to invalidate the designating petitions of respondent Deborah Campanella as a Republican Party candidate for the office of Monroe County Legislator for the 12th Legislative District for the 2025 primary election. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, petitioner, a candidate seeking the endorsement of the Monroe County Republican Party for the office of Monroe County Legislator for the 12th Legislative District, commenced a proceeding seeking, inter alia, to invalidate weighted votes cast for respondent Deborah Campanella by respondent Erin Loftus, the sole delegate for Henrietta Election District 13, on behalf of respondent Henrietta Republican Committee, at a mini-convention held for the purpose of designating the party's endorsed candidate. Petitioner, citing, inter alia, the residency requirements of the Henrietta Republican Committee by-laws, alleged that the votes were unlawful because Loftus did not reside in the Town of Henrietta. On that ground, Supreme Court granted the amended petition to the extent that it sought to declare Loftus's weighted votes invalid and annulled the nomination of Campanella as the Republican Party's endorsed candidate, but the court ordered that a new mini-convention be held. Petitioner appeals, as limited by her brief, from that part of the order and judgment that directed a new [*2]mini-convention.
In appeal No. 2, petitioner commenced a proceeding pursuant to Election Law article 16 against, inter alia, respondents Campanella and Monroe County Board of Elections (MCBOE) seeking to invalidate the designating petitions of Campanella as a Republican Party candidate for the primary election on June 24, 2025, for the same office of Monroe County Legislator for the 12th Legislative District that is at issue in appeal No. 1. Petitioner contended that the designating petitions violated Election Law § 6-132 (2) and were fatally defective because the Statement of Witness in each designating petition omitted the words "signed this sheet" as set forth in the statute. Campanella appeals and the remaining respondents, including MCBOE, separately appeal from an order and judgment that, inter alia, invalidated the designating petitions on that ground and directed MCBOE to remove Campanella's name from the ballot.
Contrary to petitioner's contention in appeal No. 2, MCBOE, which made the discretionary determination that Campanella's designating petitions were valid, is a necessary party and aggrieved by the court's order and judgment (see CPLR 5511; Mullen v Fucciollo, 153 AD2d 711, 712 [2d Dept 1989], lv denied 74 NY2d 609 [1989]; see generally Matter of Max v Ward, 107 AD3d 1597, 1599-1600 [4th Dept 2013]). Additionally, under the circumstances of this case, where Campanella and MCBOE opposed the petition and the court reached the merits, the failure of Campanella and MCBOE to answer the petition does not preclude them from maintaining their appeals (see Matter of Pascazi v New York State Bd. of Elections, 207 AD2d 650, 651 [3d Dept 1994], lv denied 84 NY2d 802 [1994]).
On the merits, Election Law § 6-132 (2) provides, in relevant part, that the bottom of each sheet of a designating petition must contain a witness statement that is "substantially as follows":
"STATEMENT OF WITNESS
"I, ..................... (name of witness) state: I am a duly qualified voter of the State of New York and am an enrolled voter of the ....................... party. I now reside at .................... (residence address).
"Each of the individuals whose names are subscribed to this petition sheet containing ................. (fill in number) signatures, subscribed the same in my presence on the dates above indicated and identified [themselves] to be the individual who signed this sheet.
"I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn" (emphasis added).
Campanella filed designating petitions that included the Statement of Witness signed by the subscribing witness but omitted the words "signed this sheet."
We reject respondents' contention that the designating petitions were valid. "While section 6-132 by its terms permits 'substantial compliance' with the statutorily prescribed format for designating petitions, it does not permit deviations from the statutorily prescribed content of such petitions" (Matter of Alamo v Black, 51 NY2d 716, 717 [1980]). It is well settled that "strict, and not just substantial, compliance is required 'with statutory commands as to matters of prescribed content' " (Matter of Dadey v Czarny, 132 AD3d 1427, 1429 [4th Dept 2015], quoting Matter of Hutson v Bass, 54 NY2d 772, 774 [1981]; see Matter of Quinn v Erie County Bd. of Elections, 120 AD3d 992, 992 [4th Dept 2014], lv denied 23 NY3d 908 [2014]).
Section 6-132 (2) requires the subscribing witness to attest that the person who signed the designating petition "identified [themselves] to be the individual who signed this sheet," which constitutes a matter of statutorily prescribed content. The Statement of Witness in the designating petitions lacks this information and, as such, the omission is fatal to the validity of the designating petitions (see Matter of Boniello v Niagara County Bd. of Elections, 131 AD3d 806, 807 [4th Dept 2015]; see also Alamo, 51 NY2d at 717).
In light of our determination in appeal No. 2, we conclude that the appeal from the order and judgment in appeal No. 1 must be dismissed as academic (see Matter of Fuchs v Park, 205 [*3]AD3d 849, 849 [2d Dept 2022], lv denied 38 NY3d 906 [2022]).
Entered: May 7, 2025
Ann Dillon Flynn
Clerk of the Court