■ In the Matter of MURIEL H. MORABITO, Respondent, v RICHARD J. CAMPBELL, Appellant.—In a proceeding, *inter alia,* to restrain the submission of a proposition to the electors of the Town of Cortlandt pursuant to a certain petition filed pursuant to section 91 of the Town Law, the appeals are from (1) an order of the Supreme Court, Westchester County, entered June 24, 1977, which, *inter alia,* declared the petition invalid and (2) an order of the same court, dated June 22, 1977, which denied a motion for reargument of a prior decision. Appeal from the order dated June 22, 1977 dismissed. No appeal lies from the denial of a motion to reargue a decision. Order entered June 24, 1977 reversed, on the law, the petition is declared valid and the proceeding is otherwise dismissed. Respondent-appellant is awarded one bill of $50 costs and disbursements to cover both appeals. In this case the authentication by the witness which stated the exact number of signatures appearing on each petition sheet was stapled to each signature sheet instead of appearing on the bottom of each sheet. We hold that this method is not such a substantial deviation from section 135 of the Election Law as to invalidate the referendum petition (see *Matter of Rothstein v Healey,* 23 AD2d 758). In our view there is a rational basis for not applying the substantial compliance rule to referendum petitions with the same strictness which governs designating petitions. We do not limit our holding in *Rothstein* to the specific wording found in the Municipal Home Rule Law. No allegations of fraud have been alleged against any of the signers of the petition; they are merely exercising their ancient right of petition to government. Cohalan, J. P., Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of IRENE MOSCATO, Respondent, v SALVATORE MOSCATO, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of protection of the Family Court, Kings County, dated February 9, 1977. Order reversed, on the law, without costs or disbursements, and application for an order of protection denied, without prejudice to the filing of a petition seeking such an order. While the court may issue an order of protection in conjunction with an award of support, the record here is barren of any substantial proof regarding the father's noncompliance with prior visitation conditions so as to justify the entry of an order of protection. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.