■ In the Matter of LINDA S. BAY, Appellant, v LORRAINE A. SANTOIANNI, Respondent, et al., Respondent. [694 NYS2d 168] —In a proceeding, *inter alia,* to invalidate a petition designating Lorraine Santoianni as a candidate in a primary election to be held on September 14, 1999, for the nomination of the Republican Party as its candidate for the public office of Suffolk County Legislator for the 17th Legislative District, the petitioner appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated August 19, 1999, which denied the application.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly held that the designating signatures and petition were in substantial compliance with the required form of Election Law § 6-132 (1). The petitioner objects to two sheets containing a total of 19 signatures, on the basis that the notary signature appears on the reverse side of each sheet, instead of "appended [to] the bottom" as required

by Election Law § 6-132 (2). The petitioner does not allege fraud, that the notaries failed to administer the oath, or that the signatories were not sworn. The two sheets at issue lacked the notary statement preprinted at the bottom of each sheet and lacked sufficient room to write it in. Instead, the notary statement was enlarged and placed on the reverse side of each sheet. Each notary signed, dated, and noted the number of signatures thereon, on the front of the sheet, and indicated to see the reverse side for the notary statement (*cf., Matter of Mc-Kague v Pearsall,* 277 NY 333). On the reverse side, the notary properly signed, dated, and stamped the sheet underneath the statement required by Election Law § 6-132 (3). While not the preferred form, under the circumstances, said deviation does not warrant invalidation of the signatures and the designating petition (*see generally, Matter of Morabito v Campbell,* 59 AD2d 703; *Matter of Ransburg v Putterman,* 35 Misc 2d 653). Mangano, P. J., Santucci, Sullivan, Altman and H. Miller, JJ., concur.