■ In the Matter of FERNANDO FUENTES, Appellant, v LORRAINE LOPEZ, Respondent, et al., Respondent. [694 NYS2d 166] —In a proceeding pursuant to Election Law article 16 to validate a petition designating Fernando Fuentes as a candidate in a primary election to be held on September 14, 1999, for the nomination of the Independent Party as its candidate for the public office of City Council Member, Second Council District, City of Yonkers, the petitioner appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered August 13, 1999, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner served as the attesting officer for the voters who signed the designating petition in question. He concedes that he inadvertently failed to indicate on the designating petition any information which would identify him as a commissioner of deeds qualified to administer an oath. Accordingly, the Supreme Court properly held that in the absence of such information the designating petition failed to comply with the requirements of Election Law § 6-132 (3) and was fatally defective (see, Matter of Hutson v Bass, 54 NY2d 772, 774; Matter of Ryan v Board of Elections, 53 NY2d 515; Matter of Burgess v D'Apice, 112 AD2d 1058). Mangano, P. J., Santucci, Sullivan, Altman and McGinity, JJ., concur.