(August 22, 2007)

■ In the Matter of PHILIP DiNONNO et al., Appellants, v INGRID CASTIONI et al., Respondents. [840 NYS2d 542]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate two petitions for an opportunity to ballot by providing for write-in candidates pursuant to Election Law § 6-164 in a primary election to be held on September 18, 2007 for the nominations of the Independence Party as its candidates for the public offices of Supervisor of the Town of Wappinger and Council Member of the Town of Wappinger—Ward 3, respectively, the petitioners appeal from a final order of the Supreme Court, Dutchess County (Dolan, J.), dated August 16, 2007, which, upon stipulated facts, in effect, denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioners challenge two signature sheets, one for each candidate, on the ground that the notary's signature was stapled to these sheets instead of "appended [to] the bottom" of each sheet as required by the Election Law (Election Law § 6-132 [2];

*see* Election Law § 6-132 [3]; § 6-166). The Supreme Court correctly found that there was not a substantial deviation from the statutory requirement so as to warrant invalidation of the signatures and the opportunity to ballot petitions (*see Matter of Bay v Santoianni,* 264 AD2d 488, 489 [1999]; *Matter of Morabito v Campbell,* 59 AD2d 703 [1977]; *Matter of Rothstein v Healey,* 23 AD2d 758 [1965]). Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.