OPINION OF THE COURT
Charles D. Wood, J.
Petitioner Frank W. Streng and respondent Brandon R. Sail are both candidates for Westchester County Surrogate’s Court Judge. Petitioner Streng brought multiple proceedings to invalidate the designating petitions of respondent Sail on the Independence Party and Working Families Party lines. Respondent Sail moved to dismiss all proceedings on the basis of improper service, which was denied by this court by decision and order filed and entered August 4, 2015. This proceeding addresses only the Working Families Party line and Board of Elections petition No. 31-101.
On August 3 and 5, 2015, the court held a hearing on the petition to invalidate the Working Families Party designating petitions of Brandon R. Sail for the public office of Judge of the Surrogate’s Court, Westchester County. The question raised by petitioner is whether the names of the Commissioners of Deeds who witnessed the designating petitions must be printed, or at least be identifiable from the face of the designating petition. Petitioner contends that if they are not identifiable, the signatures witnessed by the Commissioner of Deeds on that designating petition are invalid. In this case, several Commissioners of Deeds wrote their signatures, indicated that they were Commissioners of Deeds for the City of Yonkers, and the date their terms expire, but did not print, type, stamp, or otherwise affix their name. After examining the signatures, and finding that their identities were not identifiable or discernable from the face of the designating petitions, this court shifted the burden to the respondent to demonstrate that the *813 signatories purporting to be Commissioners of Deeds were in fact so qualified.
Upon the proceedings before this court, the pleadings, and the court having considered petitioner’s memorandum and affirmation and offer of proof, the petition is decided as follows:
Preliminarily, this analysis necessarily requires a comparison of notaries public and commissioners of deeds. Both are purely statutory in their creation and share similarities, but notaries public and commissioners of deeds are different in certain respects. Notaries public have specific requirements that they must satisfy when performing their duties:
“In exercising his powers pursuant to this article, a notary public, in addition to the venue of his act and his signature, shall print, typewrite, or stamp beneath his signature in black ink, his name, the words ‘Notary Public State of New York,’ the name of the county in which he originally qualified, and the date upon which his commission expires and, in addition, wherever required, a notary public shall also include the name of any county in which his certificate of official character is filed, using the words ‘Certificate filed .... County.’ ” (Executive Law § 137.)
Turning to commissioners of deeds, there are two types. Executive Law § 139 applies to commissioners of deeds outside of New York City, and section 140 applies to commissioners within New York City. While, as one might expect, these two statutes have some similar, parallel language, there are also marked differences between them. For example, similar to the statute governing notaries, Executive Law § 140 (11) specifically requires a commissioner of deeds to “affix, in black ink, to each instrument sworn to, acknowledged or proved, in addition to his signature, the date when his term expires and his official number as given to him by the city clerk, and must print, typewrite or stamp his name in black ink beneath his signature.”
Conversely and inexplicably, Executive Law § 139, which applies to commissioners of deeds appointed within the state outside of New York City (as here), is completely silent as to any requirement or guidance regarding the commissioner’s performance of his or her duties. Thus, a commissioner of deeds may run his or her pen amuck on the signature line, with little or no relationship to any of the 26 letters of the Modern En *814 glish alphabet taught for approximately the last half-millennium in kindergarten, or the cursive version thereof, taught in third grade. Like the rest of us, it is his or her right to have a signature that looks like a Jackson Pollock painting. However, the problem is that there is no requirement in the statute creating and empowering them, to advise the commissioners to put their names under their signature in a form that allows them to be identified. Compounding the problem, unlike notaries public and commissioners of deeds within New York City, there is nothing in Executive Law § 139 that even suggests that commissioners of deeds outside New York City should be assigned an official number. Therefore, under the circumstances presented here, and unlike their notary counterparts and commissioners in New York City, there is no independent way to cross-check who a scribbled signature belongs to, because there is no official number assigned to the commissioner of deeds responsible for creating such “chicken scratch.”
Having failed to find any solution whatsoever to this glaring omission in the Executive Law, the court turns to Election Law § 6-132 (3), which prescribes the form that must be followed for a designating petition. In relevant portion, the form requires that a notary public or commissioner of deeds date the witness statement, and provides a signature line, under which is stated: “Signature and official title of officer administering oath” (Election Law § 6-132 [3]). Thus, the Election Law only requires the signature and the official title of the notary or commissioner. While these two requirements are to be strictly adhered to, and failure to include either renders the designating petition fatally defective (see Matter of Fuentes v Lopez, 264 AD2d 490 [2d Dept 1999]), there is nothing in Election Law § 6-132 that requires that the notary public or commissioner of deeds actually state their name.
Further, while notaries are given the specific directions contained in Executive Law § 137 as quoted above, that same section also makes clear: “No official act of such notary public shall be held invalid on account of the failure to comply with these provisions.” Even in election cases, technical defects in the notarization of a document do not invalidate the acts of a notary (Matter of Berney v Bosworth, 87 AD3d 948 [2d Dept 2011]; Matter of Hudson v Board of Elections of City of N.Y., 207 AD2d 508 [2d Dept 1994]).
Here, the court could have blindly accepted witness statements that common sense dictates should be blatantly insuf *815 ficient, or the court could have stepped outside its constitutional role by determining what the legislature probably really meant, rather than what it says — or does not say — and imposed requirements that the legislature did not. Finding both choices equally distasteful, this court shifted the burden to the respondent to prove that the signatories were in fact commissioners of deeds. Four witnesses were produced, all of which testified credibly that they were Commissioners of Deeds in the City of Yonkers on the dates that they witnessed the designating petitions. Accordingly, the corresponding petition sheets are valid. The petition sheet, sheet 4, purportedly witnessed by a mystery commissioner of deeds who was not identified or produced by the respondent, is hereby declared invalid, resulting in the loss of one signature. Thus, the respondent’s Working Families designating petition has more signatures than are required, and the designating petition is valid.
In light of the foregoing, and in the absence of legislation outlining appropriate standards to which commissioners of deeds outside of New York City are to be held, the petitioner has failed to establish that the failure of a commissioner of deeds to print, type, or stamp his or her name when witnessing a document, in any way invalidates it. The petition is therefore denied.
Accordingly, for the stated reasons, it is hereby ordered, that the petition is denied.