# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**655**
**CAE 16-01394**
PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION OF BRENT P.
SHELDON, OBJECTOR, PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

SHERRY A. BJORK, PURPORTED CANDIDATE FOR
CHAUTAUQUA COUNTY FAMILY COURT JUDGE, NORMAN P.
GREEN, COMMISSIONER, CHAUTAUQUA COUNTY BOARD OF
ELECTIONS AND BRIAN C. ABRAM, COMMISSIONER,
CHAUTAUQUA COUNTY BOARD OF ELECTIONS,
RESPONDENTS-RESPONDENTS.

---

SEAN W. CONNOLLY, FREDONIA, FOR PETITIONER-APPELLANT.

BURGETT & ROBBINS, LLP, JAMESTOWN (ROBERT A. LIEBERS OF COUNSEL), FOR
RESPONDENT-RESPONDENT SHERRY A. BJORK, PURPORTED CANDIDATE FOR
CHAUTAUQUA COUNTY FAMILY COURT JUDGE.

---

Appeal from an order of the Supreme Court, Chautauqua County
(Paul B. Wojtaszek, J.), entered August 15, 2016 in a proceeding
pursuant to the Election Law.  The order, among other things,
determined that the designating petition by which respondent Sherry A.
Bjork sought to be designated a Republican Party candidate for the
office of Chautauqua County Family Court Judge in the September 13,
2016 primary election has sufficient signatures and is valid.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this proceeding pursuant to
Election Law article 16 seeking to invalidate the designating petition
of respondent Sherry A. Bjork by which Bjork sought to be designated a
Republican Party candidate for the office of Chautauqua County Family
Court Judge in the September 13, 2016 primary election.  Of the 1221
signatures on the designating petition, petitioner objected to 362,
and a third party objected to 25.  The Chautauqua County Board of
Elections (Board of Elections) sustained 176 of petitioner's
objections and all of the third party's objections, with an overlap of
20 sustained objections between the two objectors.  Inasmuch as the
petition was left with more than the required 1000 signatures, the
Board of Elections determined that the petition was valid.

As an initial matter, we conclude that Supreme Court properly
entertained Bjork's challenge to the determination of the Board of

Elections invalidating certain signatures. Bjork's affidavit in opposition to the petition "was adequate to alert the petitioner[] that the signatures previously declared invalid would be contested" (*Matter of Halloway v Blakely*, 77 AD2d 932, 932; *cf. Matter of Nagubandi v Polentz*, 131 AD3d 639, 641).

With respect to the two signature sheets that the Board of Elections invalidated because the witness statements were printed on separate sheets that were stapled to the signature sheets, we conclude that the court properly validated those sheets on the ground that they substantially complied with the requirements of Election Law § 6-132 (2) (*see Matter of DiNonno v Castioni*, 43 AD3d 476, 476-477, *lv denied* 9 NY3d 804; *Matter of Bay v Santoianni*, 264 AD2d 488, 489, *lv denied* 93 NY2d 817; *Matter of Rothstein v Healey*, 23 AD2d 758, 758).

Contrary to petitioner's further contention, the court was not required to invalidate all of the signature sheets notarized by Laura Greenwood. There was no evidence of mistake or tampering with respect to five of the signature sheets notarized by Greenwood, and thus petitioner failed "to overcome the presumption of regularity" attached to those signature sheets (*Matter of Napier v Salerno*, 74 AD2d 960, 960).

Finally, we reject petitioner's challenge based on the addresses listed on the petition. "[T]he fact that the address appearing on a voter's registration record differs from the address provided by that voter on the petition he or she signed does not provide a basis for invalidating the signature at issue" (*Matter of Curley v Zacek*, 22 AD3d 954, 957, *lv denied* 5 NY3d 714; *see Matter of Bray v Marsolais*, 21 AD3d 1143, 1146; *Matter of Hudson v Board of Elections of City of N.Y.*, 207 AD2d 508, 509).

Entered:  August 17, 2016                    Frances E. Cafarell
                                             Clerk of the Court