■ In the Matter of DENNIS PILLA et al., Appellants-Respondents, v SAHNJAI KARNSOMTOB et al., Respondents-Appellants.
[39 NYS3d 174]—

In a hybrid proceeding, in effect, pursuant to Election Law article 16 to invalidate petitions to hold a permissive referendum, and action for declaratory relief, the petitioners/plaintiffs appeal from so much of a final order/judgment of the Supreme Court, Westchester County (Murphy, J.), entered August 22, 2016, as denied that branch of their petition/complaint which was for a judgment declaring that the Board of Trustees of the Village of Port Chester's act of eliminating all of the paid firefighter positions of the Port Chester Fire Department is not subject to a permissive referendum pursuant to Village Law § 10-1020 and declared that such act is subject to a permissive referendum pursuant to Village Law § 10-1020, and the respondents/defendants cross-appeal from so much of the same final order/judgment as granted that branch of the petition/complaint which was to invalidate their petitions to hold a permissive referendum and declared their petitions invalid for failure to comply with the requirements of Village Law § 9-902 (8). Application by the petitioners/plaintiffs to strike the preliminary statement contained in pages one through seven of the respondents/defendants' reply brief, in effect, as constituting an unauthorized surreply on the petitioners/plaintiffs' appeal.

Ordered that the application is granted, and the preliminary statement contained in pages one through seven of the respondents/defendants' reply brief is stricken and has not been considered on the petitioners/plaintiffs' appeal; and it is further,

Ordered that the final order/judgment is affirmed, without costs or disbursements.

On or about May 2, 2016, the petitioner/plaintiff Board of Trustees of the Village of Port Chester (hereinafter the Village Board) made a determination to adopt a budget eliminating all eight paid firefighter positions in the Village Fire Department. On June 1, 2016, the respondents/defendants filed petitions (hereinafter the referendum petitions) with the Village Clerk, inter alia, requesting that the Village Board's determination be subjected to a permissive referendum pursuant to Village Law § 10-1020. After objections were filed with the Village Clerk, the petitioners/plaintiffs commenced this hybrid proceeding and action for declaratory relief. The petition/complaint sought

a judgment declaring that the Village Board's determination was not subject to a permissive referendum pursuant to Village Law § 10-1020, or, in the alternative, to invalidate the referendum petitions on the ground that they failed to comply with the express requirements of Village Law § 9-902 (8). The respondents/defendants answered and cross-petitioned for a judgment declaring that the referendum petitions were valid and effective and directing the Village Clerk to conduct a permissive referendum.

In a final order/judgment entered August 22, 2016, the Supreme Court (1) declared that the Village Board's determination is subject to a permissive referendum pursuant to Village Law § 10-1020, and (2) granted that branch of the petition/complaint which was to invalidate the referendum petitions for failure to comply with the requirements of Village Law § 9-902 (8) and declared them invalid. We affirm.

On their appeal, the petitioners/plaintiffs contend that the Supreme Court erred in declaring that the Village Board's determination is subject to a permissive referendum pursuant to Village Law § 10-1020. Village Law § 10-1020, entitled "Abolition of fire department; employment of paid firemen," provides: *"The board of trustees of any village may, by resolution, abolish, in whole or in part, the fire department in such village, which action of the board of trustees shall be subject to a permissive referendum as defined in this chapter;* if such fire department is abolished, all the money and property of such department shall be turned over by the officers of such department or by the fire commissioners to the board of trustees within ten days after service of notice on such officers or commissioners of the action of the board of trustees. *Or, the board of trustees may, by resolution, determine that one or more firemen shall be employed to act with such voluntary department* and may fix the salary of such firemen; the board of trustees may also determine that such paid firemen shall have charge of all apparatus and other equipment and that the voluntary department shall act under the orders of such paid fireman or firemen" (emphasis added). In this case, the fire department was staffed by both volunteer firefighters and paid firefighters. Therefore, we agree with the Supreme Court's conclusion that, by eliminating all paid firefighter positions, the Village Board abolished a part of the fire department in the Village. As such, pursuant to Village Law § 10-1020, the Village Board's action was subject to a permissive referendum.

The petitioners/plaintiffs contend that, for the purposes of article 10 of the Village Law, a village fire department does not

include paid firefighters. They highlight the second sentence of Village Law § 10-1020, which states: "Or, the board of trustees may, by resolution, determine that one or more firemen shall be employed to act with *such voluntary department*" (emphasis added). They further contend that this phrase indicates that the first sentence of the statute applies only to "voluntary departments," and that here, since the Village Board's determination did not eliminate any of the Village's seven volunteer fire companies, it is not subject to a permissive referendum. However, the first sentence of the statute simply refers to "the fire department in such village" (Village Law § 10-1020). In this case, the fire department in the Village consisted of both volunteer and paid firefighters. The provision relied upon by the petitioners/plaintiffs indicates that the legislature contemplated that the fire department in a village may consist of both volunteer and paid firefighters (*see* Village Law § 10-1000 [8]).

The petitioners/plaintiffs also contend that Village Law § 10-1008 defines a village "fire department" for the purposes of article 10 as consisting solely of the members of the Village's volunteer fire companies. Village Law § 10-1008 states: "The members of all the fire, hose, protective and hook and ladder companies of a village, organized and maintained in pursuance of law, constitute a corporation by the name of the 'fire department of . . . ' The term, fire department of a village, as used in this chapter, refers to such a corporation." The petitioners/plaintiffs contend that, since the Village's seven fire companies are volunteer fire companies that did not include paid firefighters, the paid firefighters are not part of the fire department of the Village. However, Village Law § 10-1008 contains no language excluding paid firefighters from being considered part of "the fire department in such village" for the purposes of Village Law § 10-1020.

On their cross appeal, the respondents/defendants contend that, while the Supreme Court properly declared that the Village Board's determination is subject to a permissive referendum, it erred in finding that their referendum petitions were invalid on the ground that they did not comply with the requirements of Village Law § 9-902 (8). Village Law § 9-902 (8) states: "Petition shall be made upon white paper containing the signatures of qualified electors of the village. The sheets of such a petition shall be numbered consecutively beginning with number one at the foot of each sheet. *Such petition must set forth in every instance* the correct date of signing, the full name of the signer, his present residence, the ward if any and

*the village election district* if any. A signer need not himself fill in the date, residence, ward, or election district" (emphasis added). The respondents/defendants do not dispute that their referendum petitions failed to set forth the village election district for all but 5 of the 4,254 signatories. They contend that this failure should be overlooked because, when the legislature amended Election Law § 6-130 in 1996 by deleting the requirement to include a signatory's election district in a designating petition (*see* L 1996, ch 709), it evinced an intent to remove technicalities that deprive citizens of ballot access. However, when the legislature amended Election Law § 6-130 in 1996, it did not amend Village Law § 9-902 (8). Assuming, as the respondents/defendants suggest, that this was a legislative oversight, "it would be for the Legislature to correct, not '[t]he courts [which] can only follow the clear and unequivocal language of the statute' " (*Matter of Norfolk S. Ry. Co. v Brown*, 20 AD3d 791, 792 [2005], quoting *Matter of Chen San Chen v Toia*, 67 AD2d 1085, 1086 [1979], *affd sub nom. Matter of Enomoto v Toia*, 50 NY2d 826 [1980]). The text of a provision is the clearest indicator of legislative intent, and courts should construe unambiguous language to give effect to its plain meaning (*see Government Empls. Ins. Co. v Avanguard Med. Group, PLLC*, 27 NY3d 22, 26 [2016]; *Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106, 120 [2012]; *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). Here, the statute's clear and unequivocal language expressly requires that the "petition must set forth in every instance . . . the village election district" (Village Law § 9-902 [8]). The referendum petitions did not comply with this requirement.

Also without merit is the respondents/defendants' contention that the Supreme Court's invalidation of their referendum petitions was not warranted because they "substantially complied" with Village Law § 9-902 (8). They assert that the statute provides that each sheet of the petition "shall be substantially in the following *form*" (Village Law § 9-902 [8] [emphasis added]). However, the statute does not provide the same with respect to the prescribed content of the petition. The Court of Appeals has held that, "[w]hile substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content" (*Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]; *see Matter of Stoppenbach v Sweeney*, 98 NY2d 431, 433 [2002]). Here, the prescribed content includes the village election district, which is a matter of substance, not form (*see Matter of Frome v Board of Elections of Nassau County*, 57 NY2d 741,

742 [1982]; *Matter of Higby v Mahoney*, 48 NY2d 15, 20-21 [1979]; *cf. Matter of Morabito v Campbell*, 59 AD2d 703 [1977]; *Matter of Rothstein v Healey*, 23 AD2d 758 [1965]). Contrary to the respondents/defendants' contention, the legislature's amendment to the Election Law in 1996 (L 1996, ch 709) eliminating the election district requirement from petitions under Election Law §§ 6-130 and 6-132 (designating petitions), 6-140 (independent nominating petitions), 6-204 (party designating petitions for elective village offices), 6-206 (village independent nominating petitions), and 15-108 (party designating petitions for elective village offices), did not transform the election district requirement in Village Law § 9-902 (8) from a matter of legislatively mandated content to a matter of form. Therefore, the Supreme Court properly granted that branch of the petition/complaint which was to invalidate the referendum petitions and declared that those petitions were invalid for failure to comply with the requirements of Village Law § 9-902 (8). Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.