Matter of Robleto v Gowda (2020 NY Slip Op 02745)





Matter of Robleto v Gowda


2020 NY Slip Op 02745


Decided on May 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2020-03446
 (Index Nos. 85050/20, 85052/20)

[*1]In the Matter of Evelyn Robleto, petitioner-respondent,
v
Rajiv S. Gowda, appellant, et al., respondents. (Proceeding No. 1)
In the Matter of Rajiv S. Gowda, appellant,
v
Evelyn Robleto, respondent-respondent, et al., respondent. (Proceeding No. 2)




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Rajiv S. Gowda as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 23rd Senatorial District, and a related proceeding, among other things, to validate that designating petition, Rajiv S. Gowda appeals from a final order of the Supreme Court, Richmond County (Peter G. Geis, Ct. Atty. Ref.), dated April 28, 2020. The final order, after a hearing, among other things, in effect, granted the petition, inter alia, to invalidate the designating petition, and denied the petition, among other things, to validate the designating petition.
ORDERED that the final order is reversed, on the law and the facts, without costs or disbursements, the petition, inter alia, to invalidate the designating petition is denied, the petition, among other things, to validate the designating petition is granted, and the Board of Elections in the City of New York is directed to place the name of Rajiv S. Gowda on the appropriate ballot.
Objections and specifications of objections were filed by Evelyn Robleto in connection with a petition designating Rajiv S. Gowda as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 23rd Senatorial District (hereinafter the designating petition). Thereafter, by order to show cause, Robleto commenced a proceeding, inter alia, to invalidate the
designating petition. Gowda then commenced a related proceeding, inter alia, to validate the same designating petition. Pursuant to Executive Order (Cuomo) No. 202.2 (9 NYCRR 8.202.2), which was signed by Governor Andrew Cuomo on March 14, 2020, due to the COVID-19 pandemic, the required number of signatures for placement on the ballot for State Senate was reduced from 1,000 to 300. On April 21, 2020, the Board of Elections in the City of New York (hereinafter the Board), after invalidating 217 of the 520 signatures on the designating petition, determined that Gowda had a sufficient number of valid signatures to be placed on the ballot.
The Supreme Court subsequently referred the matter to a Court Attorney Referee to hear and determine, among other things, the parties' respective challenges to the Board's findings and whether Gowda's name should appear on the ballot. After a hearing, the Court Attorney Referee, inter alia, agreed with Robleto that 11 of the signatures that were validated by the Board were invalid because, among other reasons, they were duplicates, the voter had previously signed [*2]another candidate's petition, or the address provided by the voter on the petition was located outside the 23rd Senatorial District. Although the Court Attorney Referee agreed with Gowda that one of the signatures was improperly invalidated by the Board, he rejected Gowda's contention, inter alia, that 15 signatures were improperly invalidated on the ground that the address appearing on the voter's registration card differed from the address provided by that voter on the petition. Thus, after deducting an additional 10 signatures from the designating petition, the Court Attorney Referee calculated that the designating petition contained only 293 valid signatures. As a result, in a final order dated April 28, 2020, the court, in effect, granted the petition, inter alia, to invalidate the designating petition, denied the petition, among other things, to validate the designating petition, and directed that the Board shall not place Gowda's name on the ballot for the primary election to be held on June 23, 2020.
Contrary to the Supreme Court's determination, "[t]hat the address appearing on a voter's registration record differs from the address provided by that voter on the petition he or she signed does not provide a basis for invalidating that voter's signature" (Matter of Lee v Orange County Bd. of Elections, 164 AD3d 717, 718; see Matter of Sheldon v Bjork, 142 AD3d 763, 764; Matter of Bray v Marsolais, 21 AD3d 1143, 1146). It is undisputed that of the 15 voters whose signatures were invalidated on that ground, the respective addresses provided on the designating petition by 11 of those voters, and the addresses listed on their respective registration cards, though different, were all located within the 23rd Senatorial District. It is also undisputed that the signatures on the registration cards of those 11 voters matched their respective signatures on the designating petition. Under these circumstances, we disagree with the court's determination that those 11 signatures were properly invalidated by the Board. Thus, after adding those 11 signatures to the 293 signatures that were determined to be valid, the total number of valid signatures on the designating petition is 304, which is 4 more than the 300 signatures required. Accordingly, Robleto's petition, inter alia, to invalidate the designating petition should have been denied, and Gowda's petition, among other things, to validate the designating petition should have been granted.
DILLON, J.P., COHEN, DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court