Matter of Bayly v Marshall (2024 NY Slip Op 50505(U))

[*1]

Matter of Bayly v Marshall

2024 NY Slip Op 50505(U)

Decided on April 29, 2024

Supreme Court, Monroe County

Doyle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2024
Supreme Court, Monroe County

In the Matter of the Application of 
 Nicole E. Bayly and REILLY J. O'BRIEN, Petitioners,

against
"Ella Marshall," aka SARAH VAN LOON, aka SARAH ELLEN MARSHALL, and MONROE COUNTY BOARD OF ELECTIONS, Respondents
 For an Order and Judgment Pursuant to New York Election Law Articles 6 and 16, Invalidating the Democratic and Working Family Designating Petitions Filed with the Monroe County Board of Elections on April 1, 2024, purporting to Designate "Ella Marshall" as the candidate for the public office of Monroe County Family Court Judge, and removing her name from the Ballot for the June 25, 2024 Primary Election.

Index No. E2024006644

John T. Refermat, Esq., REFERMAT & DANIEL PLLC, Attorneys for Petitioners
David L. Cook, Esq., PHILLIPS LYTLE LLP, for Respondent 
John P. Bringewatt, Esq., Monroe County Attorney, Robert J. Shoemaker, Esq., for Respondent Monroe County Board of Elections

Daniel J. Doyle, J.

In this proceeding Petitioners Nicole E. Bayly, the Republican Party and Conservative Party candidate for the office of Monroe County Family Court Judge, and Reilly J. O'Brien, an objector to the nominating petitions filed by Respondent Ella Marshall aka Sarah Van Loon aka Sarah Ellen Marshall (hereinafter "Marshall") seek to invalidate said nominating petitions as the Democratic and Working Family candidate for the office of Monroe County Family Court Judge.
For the reasons that follow, the Petition is DENIED.
Findings of Fact
On or about April 1, 2024, Marshall filed with the Monroe County Board of Elections a Democratic Party designating petition purporting to designate Marshall as a Democratic Party [*2]candidate for the public office of Monroe County Family Court Judge. On that same date, Marshall also filed with the Monroe County Board of Elections a Working Families Party designating petition purporting to designate Reilly as a Working Families Party candidate for the public office of Monroe County Family Court Judge.
On April 18, 2024 petitioners initiated this special proceeding to invalidate Marshall's nominating petitions arguing that Marshall has used other names in the past and the use of "Ella Marshall" will confuse the voting public. Petitioners also argue that on some of the Working Families Party designating petitions the signature of the Commission of Deeds who witnesses the voters' signatures was illegible and this violates Election Law § 6-132.
Marshall does not deny that she has used the names "Ella Marshall", "Sarah Ellen Marshall" and "Sarah Van Loon" professionally. She avers that she used the name Ella Marshall professionally as an attorney in over 1000 court appearances and resumed using that name after separating from her husband in 2017. She further avers that her social media accounts use the name "Ella Marshall", has campaigned as "Ella Marshall" and any reported caselaw in which she was an attorney representing a party she is reported as "Ella Marshall". Her business card and work email address both state "Ella Marshall". Her use of "Van Loon" was during the time period she was married to her husband (and for several years after her divorce) and she was known as "Ella Marshall Van Loon".
Conclusions of Law
The use by Marshall of the name "Ella Marshall" on her designating petitions was proper. "The term "name" for purposes of designating or nominating a candidate for public office or party position shall mean an individual's formal name or an alternate, anglicized, or familiar form of a name or nickname, notwithstanding the candidate's proper name as it appears on his or her voter registration form, provided that such name is demonstrated to be commonly used to identify the candidate in the candidate's community, does not include a descriptive term, and further provided that the use of such name is not intended to mislead or confuse potential signatories, and would not tend to confuse or mislead potential signatories, as to the candidate's identity." (Elec. Law § 1-104 [39].)
Petitioners do not allege that "Ella Marshall" is so similar to another candidate's name that confusion would be sowed amongst the voting public. Furthermore, petitioners submit no evidence- beyond mere supposition- that the use of the name "Ella Marshall" will result in voter confusion as to Marshall's identity. (See Yacubich v. Suffolk Cnty. Bd. of Elections, 164 AD3d 867 [2nd Dept. 2018]. See also Abinanti v. Duffy, 120 AD3d 668 [2nd Dept. 2014]:; "However, under the circumstances of this case, the petitioner did not meet his burden of showing that the use of the name "Mike Duffy" was intended to mislead or confuse potential signatories, or did, in fact, mislead or tend to lead to misidentification or confusion on the part of potential signatories as to the candidate's identity (see Matter of Ferris v Sadowski, 45 NY2d 815 [1978]).")
As to the Petitioners' argument that the illegible signature of the Commission of Deeds on some of the Working Families Party designating petitions submitted by Respondent Marshall requires invalidation of those petitions, the Court disagrees. Petitioners cite no case law in support of this argument, instead citing to Election Law § 6-132. The relevant portion of that statute states:
3. In lieu of the signed statement of a witness who is a duly qualified voter of the state, the following statement signed by a notary public or commissioner of deeds shall be [*3]accepted:
On the dates above indicated before me personally came each of the voters whose signatures appear on this petition sheet containing ............. (fill in number) signatures, who signed same in my presence and who, being by me duly sworn, each for himself or herself, said that the foregoing statement made and subscribed by him or her, was true.
Date: ....................                                                 
............................                                                                              (Signature and official title                                                                               of officer administering oath)
The sample form provided by the New York State Board of Elections—of which the Court takes judicial notice—as relevant herein, contains the following: image cached at [insert unique cache URL supplied by LRB]
In neither the statute nor the promulgated form is there a requirement that the Commissioner of Deeds print their name in addition to affixing their signature.
"Thus, the Election Law only requires the signature and the official title of the Notary or Commissioner. While these two requirements are to be strictly adhered to, and failure to include either renders the designating petition fatally defective (see Fuentes v. Lopez, 264 AD2d 490, 694 N.Y.S.2d 166 [2d Dept.1999]), there is nothing in Election Law § 6—132 that requires that the Notary Public or Commissioner of Deeds actually state their name." (Streng v. Westchester Cnty. Bd. of Elections, 49 Misc 3d 811, 814 [NY Sup. Ct. 2015] aff'd, 131 AD3d 652 [2nd Dept. 2015], See also MacKay v. Cochran, 264 AD2d 699, 700 [2nd Dept. 1999]: "[p]ursuant to Election Law § 6—132(3) the identification of the notary by title alone is sufficient (see, Matter of Bay v. Santoianni, 264 AD2d 488, 694 N.Y.S.2d 168; Matter of Brown v. Suffolk County Board of Elections, 264 AD2d 489, 694 N.Y.S.2d 167; Matter of Fuentes v. Lopez, 264 AD2d 490, 694 N.Y.S.2d 166).")
Based upon the forgoing, and the submissions of the parties [FN1]
, it is hereby
ORDERED, ADJUDGED and DECREED that the Petition is DENIED and dismissed.
Dated: April 29, 2024
Honorable Daniel J. Doyle, JSC

Footnotes

Footnote 1:Petition with exhibits (NYSCEF Docket #s 1 3-13); Answer in Special Proceeding with exhibit (NYSCEF Dockets # 21-22); Memorandum of Law in Opposition (NYSCEF Docket # 23); Memorandum of Law in Reply (NYSCEF Docket # 24); Affirmation in Reply with exhibits (NYSCEF Docket #s 25-30.).